635 So.2d 398 (1994)
STATE of Louisiana
v.
Angela S. LITTLETON.
No. 94-K-0462.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1994.
Harry F. Connick, Dist. Atty., C. Byron Berry, Jr., Asst. Dist. Atty., David Weil-baecher, Jr., Law Clerk, New Orleans, for relator.
*399 Before BYRNES, JONES and WALTZER, JJ.
JONES, Judge.
On application of the State of Louisiana, we grant certiorari in order to consider the validity of a judgment of the trial court sentencing the defendant, Angela Littleton to serve twelve months in prison. Having reviewed the transcript of the proceedings and the brief of the State, we affirm the judgment of the trial court.

STATEMENT OF THE CASE
On December 6, 1993, the defendant was charged with crime against nature by solicitation. She was arraigned on December 14th and pled not guilty. However, on January 19, 1994, she withdrew this plea and pled guilty as charged. When she appeared for sentencing in February, the State filed a multiple bill charging her with two prior felony convictions entered on the same date. She pled guilty to this charge, and the court found her to be a second offender. The court then found that imposition of the minimum sentence under the multiple offender statute would be unconstitutionally excessive in her case, and he sentenced her instead to serve twelve months at hard labor, with credit for time served. The State noted its objection and its intent to seek writs in this court. The trial court denied its motion for a stay order, based upon the calculation that the defendant might be eligible for release within a few months. The State now comes before this court seeking relief from the trial court's refusal to impose the minimum sentence. The State also seeks a stay order.

DISCUSSION AND LAW
At the sentencing hearing, the trial court indicated that the minimum sentence mandated by La.R.S. 15:529.1 for the offense of crime against nature as a second offender would be excessive in the defendant's case. For this reason, the court would not impose the minimum sentence mandated by that statutory provision. In support of this finding, the trial court cited State v. Dorthey, 623 So.2d 1276 (La.1993). The main issue in that case was whether La.R.S. 15:529.1 was unconstitutional because it violated the constitutionally-required separation of powers between the judicial and legislative branches. The court noted that the district attorney had the power to decide against whom a multiple bill would be filed, thereby mandating that certain felons received mandatory minimum sentences. The court rejected the argument that this discretionary power rendered La.R.S. 15:529.1 unconstitutional. However, it also noted:
Nevertheless, we recognize that the review of sentencing, including sentencing under R.S. 15:529.1, is a long established function of the judicial branch. Accordingly, Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). According to Sepulvado, the 1974 Louisiana Constitution, Article I, Section 20 (footnote omitted) "`gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel or unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court's control over the entire sentencing process.'" Id. at 766, citing "The Declaration of Rights of the Louisiana Constitution of 1974", 35 La. L.Rev. 1, 63 (1974). Thus, "[t]he imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment..." Id. at 767. Accordingly, under the 1974 Constitution "the excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court." Id. at 764.
"A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Scott, 593 So.2d 704, 710 (La.App. 4th Cir.1991); State v. Lobato, 603 So.2d 739, 751 (La.1992).
The record indicates that the trial judge had difficulty imposing a twenty year sentence *400 on a twenty seven year old crack cocaine addict simply because he had been convicted for a fourth time for possession of cocaine (see Footnote 6). If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. (footnote omitted) Accordingly, we will remand this case to the district court for resumption of its multiple bill proceedings, for its determination as to whether the minimum sentence mandated for this habitual criminal defendant by virtue of R.S. 15:529.1 for simple possession of cocaine is constitutionally excessive as applied to this particular defendant, and for appropriate sentencing.
Dorthey, at 1280-1281.
The Court then remanded the case for further proceedings, "including resentencing, subject to the district court's determination as to whether the minimum sentence mandated by R.S. 15:529.1 for this defendant and for this crime is constitutionally excessive." Dorthey, at 1281. See also State v. Krogh, 630 So.2d 284 (La.App. 4th Cir.1993), where this court acknowledged that under Dorthey, a trial court could find that a minimum sentence under the Sentencing Guidelines for a multiple offender is excessive.
Here, the trial court indicated that it considered the minimum sentence under R.S. 15:529.1, thirty months, to be excessive in this case. The court noted that it considered the sentence indicated by the Sentencing Guidelines for a first offender, twelve to twenty-four months, to be more in keeping with the circumstances of the case. The court imposed a twelve-month sentence, stating:
I find specifically that a sentence greater than this, a sentence greater than the one I imposed would make no measurable contribution to the acceptable goals of punishment or in that matter the sentence would, in fact, amount to nothing more than purposeful imposition of pain and suffering, and a sentence greater than that would, in fact, be grossly out of proportion to the severity of the crime to which Miss Littleton has been convicted. I note an objection on behalf of the State of Louisiana to the sentence.
In so doing, the trial court complied with Dorthey.
The State first argues that the offense of crime against nature has been upheld as constitutional and that the penalty for crime against nature has also been found to be constitutional. These arguments, although true, have no real bearing on the issue before this court, i.e., whether the trial court can impose a sentence that is less than the minimum provided as a multiple offender. The fact that the trial judge happens to find the whole concept, that consensual sex for hire is a crime, to be repugnant does not mean that he found the crime or the penalty itself to be unconstitutional.[1] What the judge found was that in this instance the imposition of the minimum sentence under R.S. 15:529.1 was excessive, which he was entitled to do under Dorthey.
The State also argues that the trial court failed to provide adequate reasons for its imposition of a sentence below the statutory minimum under La.R.S. 15:529.1. The State cites factors which it contends would support the imposition of a sentence over the minimum, but most of these factors are already considered in the computations used to determine the proper sentencing grid. There is no doubt that the trial court could impose a lesser sentence than the minimum under La.R.S. 15:529.1. Although Dorthey gives almost no guidance as to how detailed a trial court must be when giving reasons for the imposition of less than the minimum sentence *401 under La.R.S. 15:529.1, the record supports a finding that the reasons given by the trial court were sufficient to support its decision to do so.
Accordingly, this writ is granted. Because we find no error in the judgment of the trial court, the judgment of the trial court is affirmed. The State's request for a stay order is denied.
WRIT GRANTED, RELIEF DENIED.
NOTES
[1] The judge stated: "Even at a minimum of thirty months, it just seems to me that for the State of Louisiana and its residents to pay fifty thousand dollars to incarcerate for thirty months, and that's what it's going to cost us, fifty thousand dollars to incarcerate her for thirty months for saying to someone, for money I will give you sexual pleasure, is absolutely ridiculous."