jjBYRNES, Judge.
On remand from the Supreme Court of Louisiana, relator’s application for writ of certiorari and prohibition is granted to review the state’s motion to reconsider defendant’s sentence.
After a jury found Joseph Washington guilty of possession of phencyclidine (PCP) in Orleans Parish in violation of LSA-R.S. 40:966(0(2), the trial court sentenced the defendant on October 26,1993 to ten years at hard labor. The state filed a multiple bill, and on November 10, 1993, the defendant admitted to the prior conviction of possession of PCP in Jefferson Parish. The trial court vacated and set aside the defendant’s sentence and sentenced the defendant as a second offender to seven years at hard labor under LSA-R.S. 15:529.1.
The state contends that the defendant’s seven year sentence at hard labor is illegal because it falls below the statutory minimum sentence of ten years at hard labor under the habitual offender law. The sentence for possession of PCP for a first offender is not less than five years nor more than twenty years under LSA-R.S. 40:966(0(2). As a second offender, the habitual offender statute mandates a sentence of one-half of the maximum ^sentence legislatively fixed for first offend *1116 ers, which would be ten years at hard labor in this case.
In State v. Dorthey, 623 So.2d 1276 (La. 1993), the Louisiana Supreme Court found that the habitual offender statute does not violate Louisiana’s separation of powers doctrine and is not unconstitutional. The Court held that it is the legislature’s prerogative to determine and define crimes and provide the length of the sentence imposed for crimes classified as felonies; the courts are charged with applying these punishments unless they are found to be unconstitutional. However, the Court noted that review of sentencing under LSA-R.S. 16:529.1 is a long established function of the judicial branch. Citing State v. Sepulvado, 367 So.2d 762 (La.1979), the Court concluded that the exeessiveness of a sentence is a question of law reviewable under appellate jurisdiction. Justice Marcus noted in his concurrence that the minimum sentences provided by the multiple offender statute should be presumed constitutional. The Louisiana Supreme Court found that if the trial court were to find that the punishment mandated by the habitual offender statute made no measurable contribution to acceptable goals of punishment, or that the sentence amounted to nothing more than the purposeful imposition of pain and suffering and was grossly out of proportion to the severity of the crime, the trial court had the option and the duty to reduce the sentence to one that would not be constitutionally excessive.
In Dorthey, swpra, the trial court noted that the minimum sentence for a fourth offender was twenty years at hard labor without eligibility for parole or good time, and stated that the ease was a particularly grievous situation because the defendant was found guilty of simple possession of crack cocaine which had a maximum sentence of five years at hard labor for the most recent conviction. The Supreme Court did not determine whether uDorthey’s sentence was excessive, but remanded to the trial court to consider whether the minimum sentence mandated for the habitual criminal defendant by virtue of LSA-R.S. 15:529.1 for simple possession of cocaine was excessive as applied to that particular defendant.
In the present case the Supreme Court remanded the matter to this court to determine if the defendant’s sentence is unconstitutionally excessive. The trial court explained to the defendant Joseph Washington what rights he was waiving when he admitted to being a second offender. The trial court asked the defendant:
Do you understand that the minimum sentence by law that I must give you is imprisonment for not less than ten years, the maximum penalty you could receive is imprisonment for not more than forty years? Do you understand that?
The defendant replied; “yes, sir.”
The trial court noted that the defendant had an extensive arrest record but had one prior conviction of possession of PCP in Jefferson Parish besides a conviction of a misdemeanor for a battery on a police officer and resisting an officer.[1] The trial court found that the mandatory minimum of ten years at hard labor without credit for good time was excessive for a multiple offender. In the trial court’s opinion, “to impose a ten year sentence would be needless.”
In Dorthey, supra, the defendant was a fourth offender who had no. parole eligibility under LSA-R.S. 15:574.4(A)(1), which excludes third and subsequent offenders from parole eligibility. However, in the present ease, Joseph Washington, as a second offender, would have parole eligibility. UGiven the presumption that a sentence under the habitual offender law is constitutional, and considering that the defendant is eligible for parole, the minimum sentence mandated by the legislature is not grossly out of proportion to the severity of the crime. The only change in the trial court’s original sentence of ten years at hard labor for the possession of PCP based on the Orleans Parish jury conviction, and the minimum sentence of ten years at hard labor under the *1117 habitual offender statute, LSA-R.S. 15:529.1, would be the loss of good time. Since the second enhanced penalty should be greater than the original sentence of ten years at hard labor, the minimum sentence of tpn years at hard labor without benefit of good time for a second offender is not constitutionally excessive as applied to this particular defendant. Clearly -the trial court erred in finding that the enhanced sentence was ex-., cessive, and in reducing the defendant’s sentence below the minimum of ten years at hard labor without credit for good time mandated under LSA-R.S. 15:529.1.
Accordingly, the defendant’s sentence, is vacated, and the matter is remanded for resentencing.

REVERSED AND REMANDED.

. Although the state read and introduced the defendant's arrest sheet into the record at the multiple offender hearing, a copy was not attached to the writ application. In its original brief, the state related that the defendant’s arrest record included over forty arrests going back to 1970.