1 LOBRANO, Judge.
Defendant, Alvin C. Abbott, was charged by bill of information with three (3) counts of armed robbery, violations of Louisiana Revised Statute 14:64.
On June 20, 1984, defendant was found guilty as charged on all counts.
On June 29,1984, defendant was sentenced to twelve (12) years at hard labor on each count to run concurrently. Thereafter, the State filed a multiple bill of information charging defendant as a third felony offender.
On July 31, 1984, defendant was adjudicated a third felony offender. Defendant was sentenced to forty-nine and one-half (49½) years at hard labor. Later it was discovered that one of the predicate convictions was entered after the commission of the instant offenses. As a result, on August 15, 1984, the trial court re-sentenced defendant as a second felony offender to thirty-three (33) *1224 years at hard labor. Defendant appealed his convictions and sentences to this Court which were affirmed. State v. Abbott, 477 So.2d 1266 (La.App. 4th Cir.1985).
On April 10, 1987, defendant applied for post conviction relief asserting that the trial court was without jurisdiction to impose the sentences of July 31, 1984 and August 15, 1984, after the appeal order was entered on June 29, 121984. This Court presented a certified question to the Louisiana Supreme Court asking whether Act 851 of 1986 which amended Code of Criminal Procedure Article 916 should be applied retroactively to uphold the validity of multiple bill proceedings occurring after the appeal order was entered. The high court held that it should be applied retroactively. State v. Abbott, 508 So.2d 80 (La.1987).
On August 13, 1990, defendant filed a second application for post conviction relief pursuant to State v. Sherer, 411 So.2d 1050 (La.1982). Sherer held that only one (1) count of a multiple count bill of information may be enhanced pursuant to the Habitual Offender Law. As a result, the trial court re-sentenced defendant as a second offender to thirty-three (33) years at hard labor on Count one and twelve (12) years at hard labor on each of the remaining counts to run concurrently.
On August 13, 1992, this Court ordered an out-of-time appeal pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990). The Court subsequently affirmed the convictions but vacated the enhanced sentence on Count one and remanded the case for an evidentia-ry hearing to allow the State to supplement its evidence with regard to the multiple offender bill.[1]
On April 25, 1994, defendant was again adjudicated a second felony offender with respect to Count one. Defendant was sentenced to serve seventeen and one-half (17½) years at hard labor. The Court cited State v. Dorthey, 623 So.2d 1276 (La.1993) as the basis for sentencing defendant below the statutory minimum of thirty-three (33) years. Both the State and defense objected to the sentence. The State notified the Court of its intent to appeal.
|.■¡FACTS':
On September 24, 1983, defendant and another man, Keety Rothchild were involved in a dice game with several other men. Over the course of about one hour, defendant lost $20.00 and left the game with Rothchild. Defendant and Rothchild returned a short time later. Defendant was armed with a gun. Defendant then proceeded to rob Michael Merrill, Curtis Brousseau and Douglas Williams of cash and jewelry. During the course of the robbery, defendant held the gun to the head of Michael Merrill and fired at least one shot into the ground. After the robbery, defendant ordered the victims to run in different directions. The victims were able to apprehend Rothchild. Defendant was later apprehended by the police based on a description given by the victims.
The State appeals defendant’s sentence asserting the trial court erred in sentencing defendant to serve seventeen and one-half years (17½), a term less than the minimum sentence of thirty-three (33) years mandated by the habitual offender statute, Louisiana Revised Statute 15:529.1.[2]
At the time of the offenses, the Habitual Offender Statute mandated a sentence for a second felony offender be not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction. For an offender such as defendant, that minimum term is thirty-three (33) years.
In State v. Dorthey, supra, our Supreme Court reaffirmed the constitutionality of the Habitual Offender Law but held that manda *1225 tory sentences under that law may be reduced if the sentencing court finds that the mandated punishment is unconstitutionally excessive. The Court stated:
14“If in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no ‘measurable contribution to acceptable, goals of punishment’ or that the sentence amounted to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.” (footnote omitted) (emphasis added) 623 So.2d at p. 1280 and 1281.
This Court has acknowledged that pursuant to Dorthey, a sentencing court may find that the statutorily mandated minimum sentence under the Habitual Offender Law is unconstitutionally excessive and impose a lesser sentence. State v. Littleton, 94-0462 (La.App. 4 Cir. 3/29/94), 635 So.2d 398; State v. Washington, 93-2283 (La.App. 4 Cir. 5/26/94), 638 So.2d 1115.
In the instant case, prior to the court imposing sentence in 1984 pursuant to Revised Statute 15:529.1, the court stated:
“The original sentence is vacated and set aside, and it’s the sentence of this court that the defendant be committed to the Louisiana State Department of corrections at hard labor for a term of 49-and-a-half years, with credit for time served.... The Court will point out for the record, that this Court is of the opinion that, in spite of the fact that what the defendant did in this instance was serious and life threatening, that this type of sentence is unreasonable. This Court feels it has no further authority but to impose it under the provisions of Louisiana Revised Statute 15:529.1. This Court is of the opinion that this is a mandatory minimum sentence, however, taking into consideration the defendant’s two post convictions, those being for theft by shoplifting, the facts of his present ease, also the fact that the defendant is 19 years of age, this Court feels that this type of sentence is not called for under the law; that the 12 year sentence imposed on the original conviction is one that more than meets with the facts of the ease and the defendant’s background, and one that would lead to his ultimate rehabilitation and re-entry into society. IsThis court rues its position in weeding out this type of sentence, however, the Court feels that it has no alternative, when the District Attorney’s office persists in filing a multiple bill under these circumstances. This Court feels that this sentence is cruel and unusual under the circumstances, but that the Court has no other alternative but to impose it and it is imposed.” (emphasis added)
Ten years later following the Supreme Court’s holding in Dorthey, the sentencing court acknowledged his authority pursuant to Dorthey to impose a sentence below the statutorily mandated minimum sentence. In re-sentencing defendant to seventeen and one-half (17½) years, the sentencing judge reiterated his belief that the statutorily mandated minimum sentence is excessive as to this defendant:
Well when I first sentenced the defendant back many years ago now, some 10 years ago, I indicated at that time that I felt that the sentence was appropriate at 12 years ... And many things have changed from 1984 to the present date including the Dorothy [sic] case which, of course, is important as well as the sentencing guidelines which I am told should be read with the Dorothy [sic] case.
I have felt for many years that many of the sentences that were imposed were excessive unfortunately none of them ever got to the Supreme Court ...
The question now as far as I’m concerned is whether there is enough basis — whether there is a basis, I should say, for the defendant’s sentence to be below the mandated minimum of 33 years on this. So we have to look in terms of the guidelines and also in terms of Dorothy [sic], and there are certain rules that Dorothy [sic] puts down and Dorothy [sic] talks about whether the punishment in a particular case should be deemed excessive if it makes no measurable contribution to acceptable *1226 goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity [of] the crime.
If the Court can make that determination, and it can deviate from the mandatory minimum. The district attorney has indicated to me, and I haven’t heard any 16disagreement from the defense, that the guidelines would indicate that on this type of offense with the defendant’s past record that 17 and a half years would be a guidelines sentence without consideration of any multiple bill.
MS. WHITE:
Judge, again, I call just to the Court’s attention to the mitigating circumstances.
THE COURT:
Well, I appreciate you offering that but by the same token the guidelines indicate that and to go below the guidelines under these circumstances, the minimum indicated by the guidelines taking a sentence which would be 33 years and reducing it some 16 years or 15 and a half years, is a substantial movement as far as this court is concerned. And as the state does point out we do have a multiple count of armed robbery for which the defendant was convicted.
Do you want to say something, go ahead?
MS. WHITE:
Yes. I believe that the district attorney’s office is using their calculation for C in the time period that they just recommended based on the predicate offense, which he is being multiple billed on. So they are not only multiple billing but they are also using it as part of the points to add up to be a C category for the 17 years.
MS. TEEL:
Judge, I think that you are aware that this is just a guidelines for Your Honor to use in setting the appropriate sentence. The district attorney certainly has no—
THE COURT:
Well, it has to use something in order to get to a number, you always are going to have to use some predicate to get into a certain grid.
MS. TEEL:
The suggestion is that now we have to avoid his total criminal record.
THE COURT:
Really, that’s the whole purpose of it.
|7MS. WHITE:
Right, Judge, but the point is if he is multiple billed on an armed robbery that’s — he falls in to the category of the armed robbery grid of number one.
THE COURT:
Yes, forget about the multiple bill, forget about the multiple bill if somebody commits an armed robbery and they have this prior it is 17 years.
MS. WHITE:
And, Judge, the two points would fall under the section D which wold [sic] be 180 to—
MS. TEEL:
No, it is 3 points, he has two convictions. One is a use two point conviction and one is a one point.
MS. WHITE:
And, Judge, the conviction for which she is referring to was not a conviction at the time of this conviction that’s why the D.A.’s office originally triple billed him and that triple was thrown out to be a double.
THE COURT:
The fact of the matter is it is a conviction. It may not have been used for multiple bill purposes, but it is a conviction.
MS. TEEL:
And, Your Honor, it was a conviction at the time of the conviction for this. The bill failed because the time of the arrest, not for the time of the conviction.
THE COURT:
Well, considering all of this the court is taking into effect the fact that the sentence is true may not make — any of these long sentences may not make any measurable contribution to acceptable goals of punishment, and certainly almost all of these sentences amount to the purposeful imposition of pain and suffering. I can’t find that it is grossly out of proportion to the severity of the crime. And for the reason I think that the appropriate sentence here deviating from the minimum, and taking into consideration the guidelines should be *1227 and is as follows. And it is the sentence of this court that the defendant be committed to the Louisiana State Department of Corrections at hard labor for a term of 17 years and 6 months without the benefit of parole but with credit for time served, and there are Rnot costs, and this sentence is to run currently with any other sentence the defendant may now be serving.
After review of the two sentencing colloquies we are convinced that the trial court satisfied the requirements of State v. Dor-they. The court justified a departure from the mandatory minimum sentence by acknowledging the three prong test in Dorthey. The court found that defendant’s youth, the facts of the instant case and the fact that defendant’s two prior convictions were for shoplifting, did not justify the statutorily mandated minimum sentence. The Court clearly understood that the test in Dorthey requires that before a sentence can be reduced below the mandatory minimum, the court must find the mandatory minimum sentence unconstitutionally excessive as to the defendant. The record satisfies us that there was such a finding.
For the reasons assigned above, defendant’s sentence of April 25, 1994 is affirmed.
AFFIRMED.

. This Court held that since the record did not contain a transcript of the plea in the predicate case to prove defendant properly waived his Boy-kin rights when he pled guilty, he should be allowed a chance to submit evidence that his plea was not knowingly and voluntarily entered. State v. Abbott, 92-2731 (La.App. 4 Cir. 2/25/94), 634 So.2d 911.

. The State withdrew another assignment of error which alleged the trial court imposed an illegally lenient sentence when it ordered the sentence be served without parole, probation or suspension of sentence.