661 So.2d 1059 (1995)
STATE of Louisiana
v.
Daniel HYORTH.
No. 95-K-1181.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1995.
*1060 Harry Connick, District Attorney, Margaret Lagattuta, Assistant District Attorney, Kelly O'Hara, Law Clerk, New Orleans, for relator.
Franz L. Zibilich, Metairie, for respondent, Daniel Hyorth.
Before BARRY, BYRNES and WALTZER, JJ.
BYRNES, Judge.
The state requests a review of the defendant Daniel Hyorth's sentence as a multiple offender. We reverse and remand.
On July 17, 1980 the defendant was found guilty as charged of two counts of armed robbery based on his having robbed two people of over $1,000 while armed with a .38 caliber revolver at the Auto Titles Clearance Company at 201 North Rocheblave. The robbery occurred while the defendant was on probation for an armed robbery in California.
On September 19, 1980, the trial court sentenced the defendant as a multiple offender on the two counts of armed robbery to serve 50 years on each count without benefit of parole, probation, or suspension of sentence. The Louisiana Supreme Court vacated the sentences because multiple convictions obtained on one day for offenses arising out of one criminal episode should be considered as one conviction for purposes of applying the habitual offender law in sentencing. State ex rel. Hyorth v. Shea, 629 So.2d 1156 (La.1993), citing State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991).
With respect to a multiple bill hearing on June 30, 1994, the trial court found that the state failed to prove that the defendant was properly Boykinized on the California predicate offense.
On July 28, 1994 the trial court sentenced the defendant to 28 years at hard labor, without benefit of probation, parole, or suspension of sentence under La.R.S. 14:64 (two counts), running concurrently on each count.
*1061 On the state's application for writs, this court found on September 2, 1994, that the defendant had been advised properly of the waiver of his Boykin rights on the California predicate offense, and remanded.
On December 28, 1994 the trial court sentenced Hyorth on count one as a multiple offender to serve 27 years at hard labor without benefit of parole, probation or suspension sentence, running concurrently with the second count of the July 28, 1994 prior sentence. On writs this court remanded again for resentencing because the trial court did not state reasons for imposing a sentence below the minimum required under La.R.S. 15:529.1.
On April 7, 1995 the trial court stated reasons and again sentenced the defendant to 27 years at hard labor without benefit of parole, probation or suspension of sentence on the multiple bill which is below the minimum under La.R.S. 15:529.1. This application followed.
On April 7, 1995 the trial court stated:
I am very familiar with this case and have been fooling with this case for the past three years. I know of the defendant's record. I know of his prison conduct. I know all of the circumstances surrounding the offense. And because I know all of those things, it is my judgment that the defendant should serve twenty-seven years with the Department of Corrections, giving him credit for time served, without benefit of probation, parole or suspension of sentence, because it is the opinion of this Court that the minimum statutory requirement would be constitutionally excessive as to this particular defendant in this case.
The trial court has discretion to find that the multiple bill minimum sentence is grossly out of proportion to the severity of the crime and is constitutionally excessive as to a particular defendant. State v. Dorthey, 623 So.2d 1276 (La.1993). However, as noted in Justice Marcus's concurrence, the minimum sentence in the multiple offender statute should be presumed constitutional; the trial court should not deviate from the statutory minimum sentences unless it is clearly nothing more than a purposeless and needless infliction of pain and suffering. Dorthey at 1281.
In Dorthey the trial court noted that the minimum sentence for a fourth offender was twenty years at hard labor without eligibility for parole or good time, and stated that the case was a particularly grievous situation because the defendant was found guilty of simple possession of crack cocaine which had a maximum sentence of five years at hard labor for the most recent conviction.
In State v. Washington, 93-2283 (La.App. 4th Cir. 5/26/94), 638 So.2d 1115, this court distinguished Dorthey, and found that the trial court clearly erred in finding that the minimum enhanced sentence was excessive considering that: (1) the defendant would be eligible for parole, and (2) the only difference in the original sentence and the multiple bill sentence was that the multiple bill sentence would only result in the loss of good time.
In the present case, the only difference in the original predicate sentence and the multiple offender sentence would result in the loss of good time as the trial court imposed the multiple offender sentence to run concurrently with the second count of the original sentence. The trial court and defense counsel refer to the defendant's reformed conduct in prison. Just as the Department of Corrections has control over good time after a defendant is sentenced, the parole board or board of pardons has authority to review the defendant's behavior in prison as a basis of parole or pardon. When the trial court considers the mitigating circumstances of the particular defendant in determining the sentence to be imposed, the focus is on the offense. A sentence is grossly disproportionate to the severity of the offense so as to be unconstitutionally excessive, when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985).
In Dorthey, supra, the Louisiana Supreme Court upheld the defendant's sentence, finding that the sentence was unconstitutionally excessive where the offense was based on the most recent conviction for possession of crack cocaine. In the present case the original offense and the offense used for the *1062 multiple bill conviction were for armed robberies, which offenses are much more dangerous than possession of an illegal substance. We have considered the acute severity of the crimes which involved the possibility of great bodily harm or death to the victims because the perpetrator was armed. There are no mitigating circumstances. The trial court clearly abused its discretion by sentencing the defendant below the minimum under LSA-R.S. 15:529.1.
Accordingly, the defendant's sentence is vacated, and the matter is remanded for resentencing.
REVERSED AND REMANDED.