661 So.2d 1096 (1995)
STATE of Louisiana
v.
Kenneth EGGERSON.
No. 95-KA-1337.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1995.
Harry F. Connick, District Attorney, Val M. Solino, Assistant District Attorney, New Orleans, for State of Louisiana/appellant.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
CIACCIO, Judge.
The defendant, Kenneth Eggerson, was charged by bill of information with possession of more than 28 grams but less than 200 grams of cocaine, a violation of La.R.S. 40:967(F). At his arraignment he pleaded not guilty. The trial court denied motions to suppress the evidence and the statement. On the day set for trial the defendant withdrew his earlier plea and entered a plea of guilty as charged. After being charged and *1097 adjudicated a habitual offender under La. R.S. 15:529.1, the defendant was sentenced as a third felony offender to serve ten years at hard labor. The State now appeals.
In its sole assignment of error the State argues that the trial court erred in concluding that the mandatory minimum sentence under La.R.S. 40:967(F) and La.R.S. 15:529.1, twenty years at hard labor, was unconstitutionally excessive for this triple offender.
At the sentencing hearing the trial court stated the following:
The minimum requirement under the statute which Mr. Eggerson was convicted involved a 28 to 200 gram case. Being at 33 grams it is much closer to the 28 than it is to the 200. The penalty to such an offense is 5 to 30 years. I note for the record Mr. Eggerson has two prior felony convictions, both for possession of cocaine. He has no prior distribution charges.
The Court also feels to impose the maximum sentence at 20 years would be cruel and unusual punishment. It would by (sic) a needless infliction of pain and suffering for the offense for which he was charged.
Therefore, kit (sic) will be the sentence of the Court under these provisions of State's versus Dorothey (sic) the defendant shall be ordered to be turned over to the Director of Louisiana Department of Corrections for a period of 10 years at hard labor. By law that sentence shall be without the benefits of probation, parole or suspension of sentence.
The State acknowledges that the trial court has authority under State v. Dorthey, 623 So.2d 1276 (La.1993), to impose a lesser sentence than the minimum under the multiple offender statute. However, the State contends that the trial court did not support its decision with sufficient argument and analysis. We agree.
Under La.R.S. 40:967(F) and La.R.S. 15:529.1 the mandatory minimum sentence is twenty years at hard labor. Likewise, under the Louisiana Sentencing Guidelines, the appropriate sentence for this case is twenty years. La.S.G. Sec. 309(B). In sentencing the defendant as a third felony offender to ten years at hard labor, the trial judge justified his departure from the Habitual Offender Law by relying on Dorthey.
Although the trial judge concluded that a twenty year sentence for this defendant was cruel and unusual and would be nothing more than the needless infliction of pain and suffering, his conclusion is not supported by the record. The trial judge failed to conduct a meaningful assessment of any mitigating or aggravating circumstances appropriate to this case. The trial judges's conclusory statement does not qualify as the type of searching inquiry necessary to justify declaring a legislatively mandated sentence unconstitutional under La. Const. art. I, Sec. 20.
Accordingly, for the above reason, the ten year sentence imposed by the trial judge is vacated. The case is remanded to the trial court for resentencing in conformity with La.R.S. 15:529.1.
SENTENCE VACATED AND REMANDED.
ARMSTRONG, J., dissents in part.
ARMSTRONG, Judge, dissenting in part:
The trial court adequately stated for the record its reasons for the sentencing departure under State v. Dorthey, 623 So.2d 1276 (La.1993) and this court's decision in State v. Littleton, 94-0462 (La.App. 4th Cir. 3/29/94) 635 So.2d 398.
Accordingly, I would affirm the defendant's conviction and sentence.