668 So.2d 395 (1996)
STATE of Louisiana
v.
Eric J. KINGSTON.
No. 95-K-1935.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1996.
*396 Harry F. Connick, District Attorney, Michael Joseph Monistere, Assistant District Attorney, New Orleans, for State of Louisiana.
Patrick Hillary Hufft, Orleans Indigent Defender Program, New Orleans, for Eric J. Kingston.
Before SCHOTT, KLEES and PLOTKIN, JJ.
KLEES, Judge.
The defendant, Eric Kingston, was charged by bill of information with simple burglary of an automobile, a violation of La. R.S. 14:62. On August 2, 1995, the defendant withdrew his plea of not guilty and entered a plea of guilty as charged. The State filed a multiple bill charging that the defendant was a third felony offender. The trial court sentenced the defendant to serve six years at hard labor, two years less than the eight year minimum sentence required by the Habitual Offender Law and La.R.S. 14:62 (two-thirds of the maximum twelve year sentence). The trial court stated that it was relying upon State v. Dorthey, 623 So.2d 1276 (La.1993) as the basis for sentencing the defendant to a term of imprisonment less than that required by the Habitual Offender Law. The State objected to the sentence and now seeks to invoke the supervisory jurisdiction of this Court to reverse the trial court's ruling.

DISCUSSION
In Dorthey, the Louisiana Supreme Court considered a claim that the provisions of the Habitual Offender Statute violated the separation of powers clause of the 1974 Louisiana Constitution. The Court rejected this argument, but it recognized sentence review as an established function of the judicial branch, citing State v. Sepulvado, 367 So.2d 762 (La. 1979). The Court also quoted from State v. Lobato, 603 So.2d 739, 751 (La.1992), and State v. Scott, 593 So.2d 704, 710 (La.App. 4th Cir.1991): "A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." It then held that a trial court has an obligation to refuse to impose a sentence which it finds to be unconstitutionally excessive as to a defendant. The Court stated:
The record indicates that the trial judge had difficulty imposing a twenty year sentence on a twenty seven year old crack cocaine addict simply because he had been convicted for a fourth time for possession of cocaine.... If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.
Dorthey, 623 So.2d at 1280-1281.
The Court remanded the case for the trial court's "determination as to whether the minimum sentence mandated for this habitual criminal defendant by virtue of R.S. 15:529.1 for simple possession of cocaine is constitutionally excessive as applied to this particular defendant, and for appropriate sentencing." Id. at 1281.
Following Dorthey, this court decided State v. Littleton, 94-0462 (La.App. 4th Cir. 3/29/94), 635 So.2d 398. In Littleton, the defendant was convicted of crime against nature by solicitation, and the minimum sentence to which she was exposed under La. R.S. 15:529.1 as a third offender was thirty months. The trial court, however, found that the minimum sentence of thirty months was excessive in that case. The court noted that it considered the sentence indicated by the Sentencing Guidelines for a first offender, twelve to twenty-four months, to be more in keeping with the circumstances of the case. *397 The court imposed a twelve-month sentence, stating: "I find specifically that a sentence greater than this, a sentence greater than the one I imposed would make no measurable contribution to the acceptable goals of punishment or in that matter the sentence would, in fact, amount to nothing more than purposeful imposition of pain and suffering, and a sentence greater than that would, in fact, be grossly out of proportion to the severity of the crime to which Miss Littleton has been convicted." On review via the State's writ, this court upheld the defendant's sentence, stating:
There is no doubt that the trial court could impose a lesser sentence than the minimum under La.R.S. 15:529.1. Although Dorthey gives almost no guidance as to how detailed a trial court must be when giving reasons for the imposition of less than the minimum sentence under La.R.S. 15:529.1, the record supports a finding that the reasons given by the trial court were sufficient to support its decision to do so.
Littleton, 94-0462, p. 5, 635 So.2d at 400-401.
In State v. Kenneth Eggerson, 95-1337 (La.App. 4th Cir. 9/15/95), 661 So.2d. 1096, this court found that the following comments by the sentencing judge did not show a "meaningful assessment of any mitigating or aggravating circumstances appropriate to this case":
The minimum requirement under the statute which Mr. Eggerson was convicted involved a 28 to 200 gram case. Being at 33 grams it is much closer to the 28 than it is to the 200. The penalty to such an offense is 5 to 30 years. I note for the record Mr. Eggerson has two prior felony convictions, both for possession of cocaine. He has no prior distribution charges.
The Court also feels to impose the maximum sentence at 20 years would be cruel and unusual punishment. It would by (sic) a needless infliction of pain and suffering for the offense for which he was charged.
Therefore, kit (sic) will be the sentence of the Court under these provisions of State's versus Dorothey (sic) the defendant shall be ordered to be turned over to the Director of Louisiana Department of Corrections for a period of 10 years at hard labor. By law that sentence shall be without the benefits of probation, parole or suspension of sentence.
Eggerson, pg. 1-2, 661 So.2d at 1097.
This court found that: "The trial judges's conclusory statement does not qualify as the type of searching inquiry necessary to justify declaring a legislatively mandated sentence unconstitutional under La. Const. art. I, Sec. 20." Id. at pg. 2, 661 So.2d at 1097.
In the present case, the trial court failed to find that the statutorily mandated minimum sentence would be unconstitutional as applied to this defendant. The court merely noted, "We're going to take the age into consideration, the fact that the six years he will be serving will be flat time.... And also the Court feels that any higher amount of time would be unjust.... The court gave him six years under State v. Dorthey." (Tr. 6-7). These statements do not indicate that the trial court made a "searching inquiry necessary to justify declaring a legislatively mandated sentence unconstitutional" nor do they indicate that the trial court made a "meaningful assessment of any mitigating or aggravating circumstances appropriate to this case." See Eggerson. Accordingly we vacate the sentence imposed by the trial court and remand for resentencing.
VACATED AND REMANDED.