673 So.2d 256 (1996)
STATE of Louisiana
v.
Bernard MORGAN.
No. 96-K-0354.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 1996.
*257 Harry F. Connick, District Attorney, Allison Monahan, Assistant District Attorney, New Orleans, for Relator, the State of Louisiana.
Before SCHOTT, C.J., and PLOTKIN and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
The defendant, Bernard Morgan, was found guilty of simple burglary, a violation of La.R.S. 14:62, on 12 October 1995. The State filed a multiple offender bill charging the defendant as a fourth felony offender based on a 1991 conviction for possession of stolen property, a 1987 conviction for twelve counts of forgery, and a 1982 conviction for theft. On 30 January 1996, the trial court sentenced the defendant to seven years at hard labor, thirteen years less than the mandatory minimum sentence under the Habitual Offender Law of twenty years at hard labor. The State asks this Court to review what it alleges to be an illegally lenient sentence.

ANALYSIS
The issue presented by this writ application concerns a trial court's authority to impose a sentence below the minimum sentence mandated by the Habitual Offender Law and the degree of specificity required of the trial court when imposing such minimum sentence.
Jurisprudence on this issue, culminating in State v. Dorthey, 623 So.2d 1276 (La.1993), held that sentencing, and the review of sentences, is within the exclusive authority of the judicial branch: "[T]he 1974 Louisiana Constitution, Article 1, Section 20 `gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel or unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court's control over the entire sentencing process.'" State v. Sepulvado, 367 So.2d 762, 766 (La.1979) as quoted in Dorthey, 623 So.2d at 1280.
In Dorthey, the court considered a claim that the provisions of the Habitual Offender Statute violated the separation of powers clause of the 1974 Louisiana Constitution. The Court recognized sentence review as an established function of the judicial branch, citing State v. Sepulvado, and held that a trial court has an obligation to refuse to impose a statutorily mandated sentence if it finds such sentence is unconstitutionally excessive as applied to a particular defendant.
If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce *258 such sentence to one that would not be constitutionally excessive.
Dorthey, 623 So.2d at 1280-1281.
This Court recently affirmed the defendant's sentence in State v. Abbott, 94-1046 (La.App. 4th Cir. 2/23/95), 650 So.2d 1223, an appeal taken by the State, where the trial court made exhaustive findings regarding the excessiveness of the minimum sentence and the applicability of Dorthey. The trial court in that case found "that defendant's youth, the facts of the instant case and the fact that defendant's two prior convictions were for shoplifting, did not justify the statutorily mandated minimum sentence." This court held that the trial court acknowledged "the three prong test in Dorthey" and stated: "[T]he Court clearly understood that the test in Dorthey requires that before a sentence can be reduced below the mandatory minimum, the court must find the mandatory minimum sentence unconstitutionally excessive as to the defendant. The record satisfies us that there was such a finding." Abbott, pg. 8, 650 So.2d at 1227.
In State v. Eric Kingston, 95-1935 (La. App. 4th Cir. 1/19/96), 668 So.2d 395, the trial court relied on Dorthey and stated: "We're going to take the age into consideration, the fact that the six years he will be serving will be flat time ... And also the Court feels that any higher amount of time would be unjust...." This Court vacated the sentence concluding that these statements "do not indicate that the trial court made a `searching inquiry necessary to justify declaring a legislatively mandated sentence unconstitutional' nor do they indicate that the trial court made a `meaningful assessment of any mitigating or aggravating circumstances appropriate to this case.' [citation omitted.]" Eric Kingston, pg 4, 668 So.2d at 397.
In State v. Young, 94-1636 (La.App. 4th Cir. 10/26/95), 663 So.2d 525, the trial court stated:
I'm going to depart from the mandatory minimum sentence, which would be 99 years to life. However, the Court is of the opinion thatAnd the reason for the departure are those indicated that the Court should observe in Dorthey that any sentence beyond this would be constitutionally excessive. However, the Court is of the opinion that the defendant should not receive the minimum sentence of 20 years in this matter. The defendant's 33 years old. He has violent crime in his past for armed robbery. And I do consider breaking into someone's home a violent crime as well, a 62.2. Which now the legislature has seen fit to elevate and make part of this statute, although it wasn't in at the time when he was convicted.
Also, we do have the facts of this case which are somewhat bizarre. But I agree with the jury's finding in that the defendant committed an armed robbery with a weapon of the victim in this case. I've given reasons previously and they apply here. The good part about it is that the defendant didn't hurt the victim. He certainly scared him considerably. But thank goodness the victim wasn't hurt. And I am taking that into consideration. By the same token, the defendant does have these very serious prior felonies, armed robbery, burglary of an inhabited dwelling, and possession of cocaine. And accordingly, it is the sentence of this Court that the defendant be committed to the Louisiana State Department of Corrections at hard labor for a term of 30 years, without benefit of parole, with credit for time served.
Young, pgs. 3-4, 663 So.2d at 526-527. After reviewing the Dorthey decision, this Court held:
One of the basic principles universally applied by courts in testing constitutionality is the presumption of constitutionality. In the application of this principle a trial court considering whether the minimum sentence prescribed by the legislature for the particular crime committed by a defendant would be unconstitutional if applied to a particular defendant may do so only if there is substantial evidence to rebut the presumption of constitutionality. The trial court may not depart from the legislaturely (sic) mandated minimum simply because of some subjective impression or feeling about the defendant.
Young, pg. 5, 663 So.2d at 527. This Court then concluded that the reasons given by the trial judge to disregard the Habitual Offender *259 Law were "purely subjective". The court continued:
In our society the people have insisted on legislation to toughen criminal laws. The people are especially concerned about recidivism. In some states legislatures have responded to these concerns by passing "three strikes and you're out" legislation life imprisonment for the third felony offender. Our legislature has responded with the Habitual Offender Law. As the court pointed out in Dorthey, it is the legislature's prerogative to determine the length of time to be imposed for a crime. This prerogative is rendered nugatory if a judge may for purely subjective reasons disregard the will of the legislature under the guise of particularized unconstitutionality. This is the stuff from which flows in the minds of the public a distrust and disrespect for the judiciary.
Young, pgs. 6-7, 663 So.2d at 528.
In State v. Kenneth Eggerson, 95-1337 (La.App. 4th Cir. 9/15/95), 661 So.2d 1096, this court found that the following comments by the sentencing judge did not show a "meaningful assessment of any mitigating or aggravating circumstances appropriate to this case":
The minimum requirement under the statute which Mr. Eggerson was convicted involved a 28 to 200 gram case. Being at 33 grams it is much closer to the 28 than it is to the 200. The penalty to such an offense is 5 to 30 years. I note for the record Mr. Eggerson has two prior felony convictions, both for possession of cocaine. He has no prior distribution charges.
The Court also feels to impose the maximum sentence at 20 years would be cruel and unusual punishment. It would by (sic) a needless infliction of pain and suffering for the offense for which he was charged.
Therefore, kit (sic) will be the sentence of the Court under these provisions of State's versus Dorothey (sic) the defendant shall be ordered to be turned over to the Director of Louisiana Department of Corrections for a period of 10 years at hard labor. By law that sentence shall be without the benefits of probation, parole or suspension of sentence.
Eggerson, pg. 2, 661 So.2d at 1096-1097.
This Court found that: "The trial judges's conclusory statement does not qualify as the type of searching inquiry necessary to justify declaring a legislatively mandated sentence unconstitutional under La. Const. art. I, Sec. 20." Id. at 1097.
In State v. Daniel Hyorth, 95-1181 (La. App. 4th Cir. 9/15/95), 661 So.2d 1059, this court found that the trial judge abused his discretion in imposing a sentence below the minimum required by the Habitual Offender Law. The trial court stated in that case:
I am very familiar with this case and have been fooling with this case for the past three years. I know of the defendant's record. I know of his prison conduct. I know all of the circumstances surrounding the offense. And because I know all of the those things, it is my judgment that the defendant should serve twenty-seven years with the Department of Corrections, giving him credit for time served, without benefit of probation, parole or suspension of sentence, because it is the opinion of this Court that the minimum statutory requirement would be constitutionally excessive as to this particular defendant in this case.
Hyorth, pg. 2-3, 661 So.2d at 1061.
This court distinguished Dorthey, finding that the predicate offenses in Hyorth (armed robberies) were much more dangerous than the predicate offenses in Dorthey, and then stated: "[W]e [the Fourth Circuit] have considered the acute severity of the crimes which involved the possibility of great bodily harm or death to the victims because the perpetrator was armed. There are no mitigating circumstances. The trial court clearly abused its discretion by sentencing the defendant below the minimum under LSA-R.S. 15:529.1." Hyorth, pg. 4-5, 661 So.2d at 1062.
In State v. John Bass, 96-K-0168 (La.App. 4th Cir. 2/13/96), this Court found that the trial court did not provide sufficient reasons for departing from the mandatory minimum *260 sentence under the Habitual Offender Law. The trial court stated in Bass:
In this particular case concerning this defendant who stands in front of me today who was convicted of attempted auto burglary, I heard the evidence and testimony in his particular case. I heard his story that he was trying to sleep in a car outside Charity Hospital. I heard about the admitted problems. Because of what I heard and what I gathered on my own in this particular case, I find that the minimum sentence of twenty years as a quadruple offender would be, first of all, nothing more than the purposeful imposition of pain and suffering on this particular defendant, that also the sentence of twenty years is grossly out of proportion to the severity of the crime, and, thirdly, that the punishment of twenty years in this specific case makes no measurable contribution to acceptable goals of punishment. Therefore, I find the punishment mandated by 15:529.1 is constitutionally excessive as applies to this defendant in this particular case. And, therefore, the Court will sentence the defendant to serve three years with the Department of Corrections, giving him credit for time served.
This court found that these statements were not sufficient to justify the trial court's sentence in that case and did "not indicate that the court made a meaningful assessment of any mitigating factors."
Of course, a trial court is afforded broad discretion in sentencing matters. When a trial court provides adequate support for its decision to impose a sentence under the authority of Dorthey, and the record reflects that the sentence was imposed after careful consideration of the particular defendant and the facts of the case, this court will not reverse the sentence imposed by that court, even when that sentence is less than that required by the Habitual Offender Law, unless this court finds that the trial court abused its broad discretion.
It is insufficient for the trial court merely to reiterate the language of Dorthey: that the punishment mandated by the Habitual Offender Law makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime". These statements are conclusions, not reasons supporting a conclusion. However, where the trial court provides adequate support for its decision to impose a sentence under Dorthey, and the record reflects that the sentence was imposed after careful consideration of the particular defendant and the facts of the case, this court will not reverse the sentence imposed by the trial court unless it finds that the trial court abused its broad discretion.
In the present case, the trial court's statements are very similar to those the same trial judge made in Bass. The court stated:
I, at the time, heard all the evidence and the testimony at the trial. And I find that the minimum sentence of twenty years for this particular offense, as a quad-offender, would be nothing more than a purposeful imposition of pain and suffering. That the sentence of twenty years is grossly out of proportion to the severity of the crime. And the punishment of twenty years in this specific case makes no measurable contribution to an acceptable goal of punishment. So, therefore, because of those reasons, the punishment mandated by 15:529.1 is unconstitutionally excessive as applied to this defendant in this particular case.
These conclusory statements do not indicate the type of "meaningful assessment" sufficient to justify imposing a sentence below the mandatory minimum sentence under the Habitual Offender Law under the holding in John Bass. Accordingly, this application is granted, the sentence vacated, and the case remanded for resentencing.
APPLICATION GRANTED, SENTENCE VACATED, CASE REMANDED FOR RESENTENCING.
PLOTKIN, J., concurs.
PLOTKIN, Judge, concurring.
The development of the particularized excessiveness doctrine enshrined in State v. *261 Dorthey, 623 So.2d 1276 (La.1993), from the constitutional prohibition against excessive punishments was impelled by the tension between the legislature and the judiciary over the control of sentencing. The Louisiana Supreme Court responded to the legislature's grant of discretion to district attorneys to file multiple offender bills leading to severe mandatory minimum sentences for felony recidivists by granting trial judges discretion to deviate from mandatory minimum sentences but neglected to give any greater guidance in the exercise of that discretion than a vague standard adapted from State v. Lobato, 603 So.2d 739, 751 (La.1992), and State v. Scott, 593 So.2d 704, 710 (La.App. 4th Cir.1991): "[A] punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime."
Since Dorthey, the Louisiana Supreme Court has consistently passed up the opportunity to clarify Dorthey while review for excessive sentences has created exceptional conflict in the published and unpublished decisions of this circuit. In State v. Abbott, 94-1046 (La.App. 4th Cir. 2/23/95), 650 So.2d 1223, this Court upheld a trial judge's exercise of discretion under Dorthey on the basis of that judge's exhaustive findings of fact which justified a lesser sentence than the statutorily mandated minimum. In several cases, however, this Court has upheld a trial judge's exercise of discretion under Dorthey on less sufficiently stated reasons because an independent review of the record supported the judge's determination. See, e.g., State v. Littleton, 94-0462 (La.App. 4th Cir. 3/29/94), 635 So.2d 398. In still other decisions, however, this Court found abuse of discretion under Dorthey when trial judges inadequately justified their departure from mandatory minimum sentences. See, e.g., State v. Eggerson, 95-1337 (La.App. 4th Cir. 9/15/95), 661 So.2d 1096; State v. Young, 94-1636 (La.App. 4th Cir. 10/26/95), 663 So.2d 525. These decisions leave trial judges with no guidance in determining whether a minimum sentence under the Habitual Offender Law is unconstitutional in a particular case. Likewise, there is no consistent authority for this Court to apply when reviewing a trial judge's decision to depart from a minimum sentence.
Recently, this Court, in an attempt to combat uncertainty and instability in sentencing and to bring some order to its particularized excessiveness review, began to publish extensive summaries of its prior opinions and to admonish trial judges to make the kind of searching inquiry on the record necessary to declare a legislatively mandated sentence unconstitutional and to provide this Court with a record that reflects that a meaningful assessment of any mitigating and aggravating circumstances appropriate to the case was made. I concur to emphasize that these instructions cannot be satisfied by the recitation of conclusory language from Dorthey or any other boilerplate. As the majority indicates, this Court will not uphold a trial judge's discretion to deviate from a legislatively mandated minimum sentence without a record that contains a searching inquiry into and a meaningful assessment of facts and circumstances that justify the exercise of judicial discretion in a particular case. Some significant facts and circumstances in this context include family history, prior criminal conduct in light of whether it was violent or nonviolent and whether it was similar or dissimilar to the conviction for which the defendant is being sentenced, other aggravating and mitigating circumstances such as those provided in Code of Criminal Procedure article 894.1, and the impact of the crime upon the victim. A record that reflects that a sentence was imposed after careful consideration of a particular defendant and the facts of the case in light of such concerns as these will support a trial judge's discretion under Dorthey to depart from a minimum sentence mandated by the Habitual Offender Law.