| iBYRNES, Judge,
Dissenting With Reasons.
I respectfully dissent.
The trial court did not make a proper finding to show that the imposition of the statutorily mandated sentence would be excessive.
In State v. Hyorth, 95-1181 (La.App. 4 Cir. 9/15/95), 661 So.2d 1059, this court clearly abused its discretion by sentencing the defendant below the minimum under La R.S. 15:529.1. This court pointed out the acute severity of the crimes which involved the possibility of great bodily harm or death to the victims because the perpetrator had convictions for armed robberies. This court noted that when the trial court considers the mitigating circumstances of the particular defendant in determining the sentence to be imposed, the focus is on the offense. A sentence is grossly disproportionate to the severity of the offense so as to be unconstitutionally excessive, when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985).
In State v. Washington, 93-2283 (La.App. 4th Cir. 5/26/94), 638 So.2d 1115, this court found that clearly the trial court erred in finding that the minimum multiple bill sentence was excessive where the defendant original sentence was 10 years at hard labor which was vacated, and then the defendant was sentenced to the enhanced penalty of seven years at hard labor under La.R.S. 15:529.1.
*807 |2In the present case the defendant was familiar with the criminal justice system considering her past history so that she was aware that she faced a greater penalty when she committed the crime of possession of cocaine as a second offender. The trial court noted that the defendant had prior arrests for attempted murder in 1977 and for second degree murder in 1993. The probation officer stated that she was familiar with all the arrests that the defendant had, and that she had a “long history”. Although the defendant attempted to become rehabilitated, given the defendant’s history of prior crimes involving the possibility of great bodily harm or death to the victims, the minimum sentence under the habitual offender statute does not shock the sense of justice.
Further, at the sentencing hearing in the present case, the trial court initially sentenced the defendant to 90 days in parish prison with credit for 90 days for the offense of possession of crack cocaine for which she could have received a maximum of five years at hard labor. The trial court then resen-tenced the defendant as a second felony offender again to 90 days at parish prison with credit for time served for which she could have received a maximum of ten years of hard labor. The result in the difference in the two sentences the defendant received was only the loss of good time in the present ease.
It cannot be said that the minimum multiple bill sentence of 30 months at hard labor shocks the sense of justice or is constitutionally excessive in regard to this particular defendant. Clearly, the trial court did not provide adequate support for the sentence which is less than the statutory minimum of La.R.S. 15:529.1.