BELSOME, J.,
dissents with reasons.
hi dissent from the majority opinion. More specifically, I find that the mandatory thirty-year sentence imposed on this seventy-two-year-old grandmother, non-violent offender is excessive.
If the mandatory minimum sentence is constitutionally excessive then a downward departure is required under State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 676. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992).
In State v. Abbott, 94-1046 (La.App. 4th Cir.2/23/95), 650 So.2d 1223, this Court affirmed the defendant’s sentence in an appeal taken by the State, where the trial court made exhaustive findings regarding the excessiveness of the minimum sentence and the applicability of Dorthey. The trial court in that case found “that 12defendant’s youth, the facts of the instant case[1] and the fact that defendant’s two prior convictions did not justify the statutorily mandated minimum sentence.” Abbot, 94-1046, p. 8, 650 So.2d at 1227.
Though a defendant may challenge his or her sentence, as excessive, the law imposes an onerous and impossible burden upon defendants. Since Abbott, supra, the Louisiana Supreme Court has explained that a trial judge may not rely solely upon the non-violent nature of the defendant’s instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. See Johnson, 97-1906, pp. 6-7, 709 So.2d at 676. Recently, in State v. Noble, the Louisiana Supreme Court reversed the trial court’s departure from the mandatory minimum sentence. Id., 12-1923, pp. 3-4 (La.4/19/13), 114 So.3d 500, 501. The defendant in Noble, who was tasked with supporting multiple children, had several convictions for the possession of small quantities of cocaine and marijuana. Yet, the Noble Court found that neither factor was “sufficiently narrow to qualify as exceptional,” and ordered the trial court to re-sentence the defendant in accordance with the statutory guidelines. Id. The increasingly high burden placed on offenders makes a downward departure in sentence practically unattainable.
In the instant case, the seventy-two-year-old defendant cares for her mother and daughter, and has repeated substance *114 abuse convictions that have led her to being sentenced to the minimum sentence of thirty years as a multiple offender. Here, the elderly defendant committed a less violent underlying offense than the defendant in Abbott.[2] A thirty-year sentence is practically a life sentence for this defendant. It makes no measurable contribution to acceptable goals of punishment, and is nothing more than a purposeless imposition of pain and suffering. See Johnson, supra. It shocks the sense of justice and is excessive under these circumstances. Accordingly, I would find that the trial court abused its sentencing discretion, vacate the thirty-year sentence, and remand the case for re-sentencing. I concur in the majority opinion in all other respects.

. The defendant was convicted of armed robbery, when he lost money at a poker game, left the game, and later returned and robbed the players.

. It is noted that the defendant in Abbott was facing a mandatory 49 1/2 year sentence, while the defendant in Noble was facing a 13 1/3 year sentence.