1PLOTKIN, Judge.
PROCEDURAL HISTORY
James K. Belt was charged by bill of information with distribution of cocaine in violation of La. R.S. 40:967(A). At his arraignment he pled not guilty. After a hearing the trial court found probable cause and denied a motion to suppress the evidence. A twelve-member jury found the defendant guilty as charged. The State filed a multiple bill charging Belt as a third felony offender and he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence under La. R.S. 15:529.1.
STATEMENT OF FACTS
On February 19, 1999, Officer Catherine Beckett was working undercover in a “buy/ walk” narcotics operation. The buy/walk operation, where the seller is arrested later, is different from a “buy/bust” investigation where the seller is arrested immediately. In the instant case the defendant was arrested on April 12, 1999. Officer Beckett drove to the intersection of Belfast and Monroe Streets, a known drug area, where she was approached by the defendant who asked her what she was looking for. She replied that she wanted a “dime,” referring to a ten-dollar piece of cocaine. The defendant walked to a corner store and spoke to several ^people standing there; then he came back to her car and handed Officer Beckett two small pieces of rock (one piece that had broken into two small pieces). Belt asked her to throw the money out of the window. Officer Beckett did so, and the defendant picked it up as she was driving away. Beckett’s vehicle was wired for audio and video taping of the transaction; however, the video did not record, and only the audio tape of the incident could be played for the jury. Officer Beckett said that after she paid for the cocaine she described the defendant and his location to her backup team as she was driving away. Later the officer identified the defendant from a photographic lineup. Officer Harry O’Neal, an expert in the analysis of narcotics, testified that he analyzed the white substance Officer Beckett purchased, and it proved to be crack cocaine.
Officer Steve Imbragullio was part of the buy/walk operation on February 19, 1999, and his role was to stop the person Officer Beckett identified as the seller in order to conduct a field interview. During *1040 this encounter the seller’s name, address, date of birth, location and physical description were recorded. Officer Dennis Bush had monitored the Kel System of audio transmission used by the undercover officer. As he heard Officer Beckett’s words, Officer Bush relayed the information to her backup team. Officer Bush also took the evidence, the rocks, from Officer Beckett and placed them into evidence.
ERRORS PATENT
A review of the record shows no errors patent.
ASSIGNMENT OF ERROR 1
In a single assignment of error, the defendant argues that the sentence must be vacated because the transcript of the multiple offender hearing is lost and therefore cannot be reviewed by this Court.
| ¡¿The failure to produce the transcript of the multiple offender hearing deprived the defendant of his constitutional right to an appeal. The record reflects that the sentencing hearing occurred on December 9, 1999, and the court reporter has certified that she can not produce the transcript of this hearing. Article 843 of the Code of Criminal Procedure requires that all trial proceedings be recorded. Furthermore, the Louisiana Constitution ensures the right of judicial review based on a complete record of the evidence:
No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
La. Const. Art. I, § 19. In State v. Ford, 338 So.2d 107, 110 (La.1976), appellate counsel was not counsel at trial and the court reporter could not provide a transcript of the testimony at trial. The Supreme Court held that “without a complete record from which a transcript for appeal may be prepared, a defendant’s right of appellate review is rendered meaningless.” When a defense attorney is unable, through no fault of his own, “to review a substantial portion of the trial record for errors .... the interests of justice require that a defendant be afforded a new, fully-recorded trial.” Id. The Supreme Court has held that material omissions from the transcript of the proceedings at trial bearing on the merits of an appeal will require reversal. See State v. Robinson, 387 So.2d 1143 (La.1980).
The State maintains that because there were no allegations of error at the multiple bill hearing, no objections to the introduction of evidence, and no written response to the multiple bill, there is no possibility of a meritorious claim, and that any claim would be precluded procedurally. However, the defendant filed a pro se motion to quash the multiple offender bill on December 9, 1999, and the minute 14entry indicates that the trial court denied the motion at the beginning of the hearing. Furthermore, the minute entry also reflects that after the State filed the evidence of prior convictions, “the court admitted all items with objections.” Thus, the defendant has reserved his right to challenge the multiple bill. Additionally, the defendant had different attorneys at the multiple bill hearing and on appeal.
CONCLUSION
A defendant facing life imprisonment is entitled to a full constitutional review of the multiple offender adjudication and sentencing. For the foregoing reasons, the defendant’s conviction is affirmed. His sentence and adjudication as a third offender is vacated and the case remanded for further proceedings consistent with this opinion.
*1041 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.