LOVE, J.
Eckley Marshall was charged by bill of information on July 11, 2000, with first degree robbery in violation of La. R.S. 14:64.1. He was arraigned that same day and pleaded not guilty. After a hearing on July 27th the trial court found probable cause to bind the defendant over for trial and denied the motions to suppress the evidence and the statement. On August 22nd, the day set for trial, the defendant withdrew his earlier plea and entered a plea of guilty as charged under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). He was then sentenced to ten years at hard labor.
In a single assignment of error, the defendant maintains that he has been denied his right to appellate review because there is no transcript of his guilty plea. A certification in the record informs this Court that Darcee Michele Cacibauda, now *80 serving as court reporter for Section “C,” has made a diligent search for the taped proceedings but has been unable to find them. It is thus established that the transcript cannot be reproduced.
La. Const, art, I, § 19 (1974), provides in pertinent part: “No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based.” Furthermore, La.C.Cr.P. art. 843 requires that all proceedings |?in felony cases be recorded, including the testimony of witnesses.
In State v. Ford, 338 So.2d 107 (La.1976), the court stated:
Without a complete record from which a transcript for appeal may be prepared, a defendant’s right of appellate review is rendered meaningless. A slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal would not cause us to reverse defendant’s conviction. But where a defendant’s attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully-recorded trial.
338 So.2d at 110.
However, courts have consistently held that a complete appellate review of a defendant’s conviction and sentence can be accomplished even when there are missing portions of the trial record. See State v. Lucky, 96-1687 (La.4/13/99), 755 So.2d 845, cert. denied, Lucky v. Louisiana, 529 U.S. 1023, 120 S.Ct. 1429, 146 L.Ed.2d 319 (2000); State v. Cooley, 98-0576 (La.App. 4 Cir. 11/17/99), 747 So.2d 1182, writ denied, 2000-0225 (La.12/15/00), 777 So.2d 475, reconsideration denied, 2000-0225 (La.1/26/01), 781 So.2d 1252. Finally, a defendant is not entitled to relief absent a showing of prejudice based on the missing portions of the transcripts. State v. Castleberry, 98-1388, p. 29 (La.4/13/99), 758 So .2d 749, 773.
The record in the case at bar contains the minute entry from August 22, 2000, showing that the defendant and his attorney were present; the minute entry states the following:
The court advised the defendant of his rights, the consequences of his plea, found a basis in fact, and ordered the guilty plea recorded.
The Waiver of Constitutional Rights/ Plea of Guilty Form is also in the record. Marshall signed the form at the bottom and initialed it in fourteen places; the trial court and the defense attorney also signed .. the document. On the form the defendant indicated that he understood he had a right to a trial by judge or jury, a right against self-incrimination, and a right to confront his accusers. The defendant lawrote on the form that he realized his sentence would be ten years in the DOC with credit for time served and that the state agreed not to multiple bill him. He corrected the time limit on post-conviction relief so that it indicated a two-year window to seek relief instead of a three-year time limit.
This court has held that a missing multiple bill transcript deprived a defendant of his constitutional right to an appeal. State v. Belt, 2001-0081 (La.App. 4 Cir. 8/29/01), 798 So.2d 1038. In that case the minute entries show that the defendant filed a pro se motion to quash the multiple bill, and the evidence of his prior convictions was admitted with objections from the defendant. Thus the defendant, who was sentenced to life imprisonment, left a record of his allegations of error.
*81 In the case at bar, the defendant, who pleaded guilty to the offense, now complains that there is no record of his receiving his rights when he entered the plea. We do not agree. He signed and initialed the plea of guilty form in all the appropriate places indicating he was aware of his rights; his attorney and the judge also signed the document. The plea of guilty form and minute entry show that the defendant was advised of his rights.
Furthermore, the defendant has not suffered any prejudice from the lack of a sentencing transcript. His sentence was reduced substantially by the arrangement in which the state agreed not to file a multiple bill against him. The range of sentencing for first degree robbery is three to forty years; as a second offender, the defendant would have a minimum twenty-year term without benefits and a maximum sentence of eighty years without benefits. He received a ten-year term with no restriction on benefits.
The defendant alleges there is no proof he was given his Boykin rights. However, the record is sufficient for an appellate review of defendant’s conviction |4and sentence. We find the record indicates his waiver of rights was knowingly and intelligently executed. This assignment is without merit.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.