387 So.2d 1143 (1980)
STATE of Louisiana
v.
Claude ROBINSON, Darryl W. Hampton & George Washington Jr.
No. 66111.
Supreme Court of Louisiana.
June 23, 1980.
Rehearing Denied October 6, 1980.
*1144 Jack Quarles, Gretna, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Clarence E. McManus, Shirley Wimberly, Asst. Dist. Attys., for plaintiffs-appellees.
LEMMON, Justice.
The key issue in this appeal is whether the court reporter's inability to provide defendant with a transcript on appeal of the trial testimony of two expert witnesses (a state witness and a defense witness) requires that the matter be retried.
After a jury trial lasting several days defendants were convicted of attempted aggravated rape of a fellow inmate in the Jefferson Parish prison. The victim's testimony describing the incident was corroborated by physical evidence, including a tear in the internal sphincter of the rectum and seminal fluid found in the underwear of the victim and of two of the defendants.
At trial the court reporter recorded the voir dire examination of jurors, the opening and closing arguments, and the testimony of all the witnesses, including counsels' objections. Defendants' trial counsel designated the entire record and transcript of testimony as necessary for review of the contentions of error for purposes of appeal.
La. Const. 1974, Art. 1, § 19 provides that the review under an appeal of right from a felony conviction [accorded by Art. 5, § 5(D)(2)] shall be "based upon a complete record of all evidence upon which the judgment is based". The Supreme Court of the United States has also recognized the right to a complete transcript of the trial proceedings, particularly when (as here) counsel on appeal was not counsel at the trial. Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964).
The purpose of the constitutional and codal (C.Cr.P. art. 843) requirement of recording all proceedings in felony cases is to make it possible for a party to support assignments of error on appellate review. When a portion of the trial has not been recorded, a party cannot perfect assignments of error which occurred during that portion of the trial, and the appellate court cannot review any such errors pursuant to C.Cr.P. art. 920 in order to insure that the trial was properly conducted. State v. Ford, 338 So.2d 107 (La.1976).
The Ford decision noted that a retrial may not be necessary if there is only a slight inaccuracy or an inconsequential omission in the record. The record deficiency in this case, however, constitutes a substantial omission, since the missing testimony was opinion evidence bearing on the question of whether or not a rape had occurred. The affidavit of defendant's trial counsel establishes that objections were made and ruled upon during the missing *1145 testimony on that crucial question. Furthermore, the examining physician, while stating that the rectal tear was consistent with the forced entry of an object into the anus, noted that the absence of redness or other signs of soreness was inconsistent with involuntary anal intercourse of 45-minute duration. Moreover, three other witnesses testified that the victim stated after the incident that he had not been raped.
Defendants did not waive their constitutional right to a record of the missing testimony, and failure to provide this record constitutes constitutional and statutory error. We cannot say that the error is harmless under the circumstances of this case.
Accordingly, the judgment of the trial court is set aside, and the matter is remanded for retrial.
SET ASIDE AND REMANDED FOR RETRIAL.
BLANCHE and WATSON, JJ., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
The record fully supports defendant's conviction of attempted aggravated rape even absent the trial testimony of two experts (a state witness and a defense witness). Accordingly, I respectfully dissent.