701 So.2d 766 (1997)
STATE of Louisiana
v.
Edgar J. TAYLOR.
No. 96-KA-1843.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1997.
*769 Harry F. Connick, District Attorney, Kevin J. Gillie, Assistant District Attorney, Parish of Orleans, New Orleans, for Plaintiff/Appellee.
Archie B. Creech, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant.
Before BYRNES, JONES and WALTZER, JJ.
JONES, Judge.
Edgar Taylor was charged with possession of cocaine. His motion to suppress evidence was denied and probable cause to bind the defendant for trial was found. A jury trial resulted in a deadlocked jury and a mistrial. Ten days later at a retrial, the jury found Mr. Taylor guilty of attempted possession of cocaine, and the trial court sentenced him to thirty months at hard labor. The state then filed a multiple bill which alleged that Mr. Taylor was a fourth offender. He admitted the allegations of the multiple bill and the court vacated the previous sentence and resentenced Mr. Taylor as a fourth offender to eight years at hard labor under State v. Dorthey, 623 So.2d 1276 (La.1993). Both the State and Mr. Taylor appeal.

STATEMENT OF THE FACTS
Officer Ernest Bickham testified that he was on patrol on a bicycle in the French Quarter when he observed what appeared to be a drug transaction between two subjects on the corner of Dauphine and St. Louis Streets. Mr. Taylor's back was to him; however, when the other subject who could see the officer noticed his presence, he ran away.
Meanwhile, Mr. Taylor did not notice Officer Bickham so he started walking toward the officer. He then stopped in front of a limousine, and he had his hand in one of his pockets. Officer Bickham testified that he approached Mr. Taylor and, because he feared for his safety asked Mr. Taylor to remove his hand from his pocket. When Mr. Taylor refused, Officer Bickham secured Mr. Taylor's hand in his pocket.
Officer Bickham and Mr. Taylor struggled for a second and Mr. Taylor fell into the limousine. Mr. Taylor managed to get away and run across the street. Officer Bickham radioed for assistance and reapprehended Mr. Taylor before the assistance arrived.
From the subsequent search of Mr. Taylor, the officers retrieved a rock substance from one of his pockets and a glass pipe from the other. The rock substance proved to be negative for cocaine, but the pipe contained cocaine residue.

ERRORS PATENT REVIEW
A review of the record for errors patent reveals that the sentence is below the mandatory minimum sentence for a fourth offender. However, we will review this issue in our discussion of the assignments of error below.

ISSUES

A. Motion to Suppress Evidence
Mr. Taylor, through counsel, argues the trial court erred in its denial of the motion to suppress evidence. He avers that the arresting officer lacked reasonable cause to suspect he was engaging in criminal activity. Mr. Taylor further avers that, even if the stop was justified, the officer made no showing of reasonable suspicion that Mr. Taylor was armed, which would justify securing the defendant's hand.
A police officer has the right to stop a person and investigate conduct when he has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). If an officer stops a person pursuant to Art. 215.1, the officer may conduct a limited pat down frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. La.C.Cr.P. art. 215.1(B). Reasonable suspicion for an investigatory stop is something less than probable cause; and, it must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual's right to be *770 free from governmental interference. State v. Albert, 553 So.2d 967 (La.App. 4 Cir.1989); State v. Smith, 489 So.2d 966 (La.App. 4 Cir.1986).
The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Belton, 441 So.2d 1195 (La.1983), cert. den., 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An investigative stop must be justified by some objective manifestation that the person stopped is or is about to be engaged in criminal activity or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. State v. Moreno, 619 So.2d 62 (La.1993). The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4 Cir.1991), writ denied, 578 So.2d 131 (La.1991); State v. Burnett, 513 So.2d 391 (La.App. 4 Cir.1987).
A trial judge's decision to deny a motion to suppress will be afforded great weight and will not be set aside unless to do so is clearly mandated by a preponderance of the evidence. State v. Lee, 545 So.2d 1163 (La.App. 4 Cir.1989).
Defense counsel argues the officer's explanation of the facts and circumstances of the case was insufficient to prove he had reasonable suspicion that Mr. Taylor was engaged in criminal activity. Counsel notes the officer testified he observed Mr. Taylor holding out a cupped hand to another subject, after which there was an exchange. The officer did not see what was exchanged. The officer further testified the exchange took place in an area known for high drug activity.
Considering that officers are permitted to rely on the reputation of the area, and further considering that the officer observed an exchange after observing Mr. Taylor hold out a cupped hand for the other subject to view something, the trial court did not error in finding that the officer had reasonable suspicion to justify a stop of Mr. Taylor.
Counsel further argues that, even if the officer had reasonable suspicion to justify the stop, he failed to explain why he feared for his safety and immediately secured Mr. Taylor's hand. We disagree. Deference should be given to the experience of the policemen who were present at the time of the incident. An officer should react for his safety under the conditions and events as they occur. State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549. Where an officer is in a high crime area and believes that a suspect is engaging in illegal activity, the officer could reasonably believe that he is in danger and that the suspect possesses a dangerous weapon, so that his pat down search of the defendant was proper under La.C.Cr.P. art. 215.1. Id.
Mr. Taylor pro se argues his arrest was illegal, that a defendant is entitled to resist an illegal arrest, and that the search incident to his illegal arrest was therefore illegal. Again we disagree. Mr. Taylor errs in that the initial stop is more properly categorized as an investigatory stop than an arrest. As such, if the officer had reasonable suspicion to justify the stop, then it was legal. Proceeding from there, if the officer reasonably believed he was in danger or that Mr. Taylor was armed, the officer could legally secure the hand which Mr. Taylor had put into his pocket. Subsequent struggle and an attempt to flee were sufficient for the officer to have probable cause that Mr. Taylor was engaged in illegal activity and justified the search which followed.
This assignment of error is without merit.

B. Jury Access to Written Evidence
Mr. Taylor pro se argues the trial court erroneously permitted the jury to view written evidence, which is prohibited under La.C.Cr.P. art. 793. The item in question is the lab report which indicates the rock found Mr. Taylor tested negative for controlled dangerous substances, but the residue from the glass pipe tested positive for cocaine. The trial transcript indicates the district attorney offered the lab report for record purposes only, but defense counsel stated that he had no objection to the jury seeing it. At that point the district attorney offered the *771 report for viewing with other evidence. Mr. Taylor thus waived his right to object to the jury's viewing. In any event, this did not prejudice his case, as the expert who performed the lab tests had already testified relative to the lab results, and the testimony was not contradicted by any defense testimony or other evidence.
This assignment of error is without merit.

C. Defense Right To Review Physical Evidence/Sufficiency of the Evidence
Mr. Taylor pro se further argues he was denied his right, under the Sixth Amendment of the U.S. Constitution, to review the cocaine residue which was consumed in testing. He argues the residue was so minute in quantity that it was insufficient to support the conviction. Also, that the evidence of cocaine residue was unavailable for review through no fault of his own. Mr. Taylor cites United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), which holds that evidence which is of substantial value to the defense must be disclosed, even without a specific request.
In the case sub judice, Mr. Taylor fails to show any fault on the part of the State in its failure to produce the evidence for review. Rather, the residue was consumed as a consequence of the testing which was necessarily done to prove an essential element of the case. Further, there is no evidence Mr. Taylor asked to be represented as the test was being performed. The defense was permitted to cross-examine the expert who performed the test and Mr. Taylor fails to show that this evidence was exculpatory. Considering these facts, Mr. Taylor was not denied his right to a fair trial due to any failure to disclose by the State.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988).
To support a conviction for possession of a controlled dangerous substance, the State must prove that the defendant was in possession of the illegal drug and that he knowingly or intentionally possessed the drug. La. R.S. 40:967; State v. Chambers, 563 So.2d 579 (La.App. 4 Cir.1990). Guilty knowledge is an essential element of the crime of possession of a controlled dangerous substance. State v. Goiner, 410 So.2d 1085 (La.1982). Although a conviction for possession of a controlled dangerous substance can stand on the possession of the slightest amount of the drug, the amount of the substance will have some bearing on the defendant's guilty knowledge. State v. Spates, 588 So.2d 398 (La.App. 2 Cir.1991).
Flight is a circumstance from which guilt can be inferred. State v. Gaines, 96-1850 (La.App. 4 Cir. 1/29/97), 688 So.2d 679; State v. White, 535 So.2d 929 (La.App. 2 Cir.1988), writ denied, 537 So.2d 1161 (La. 1989).
In this case, Mr. Taylor attempted to flee when stopped by the officer. He testified the officers picked up the evidence from the ground. He did not claim that the pipe was his, but he testified that he did not know that it contained any residue. Under these circumstances, the court may infer that Mr. Taylor had guilty knowledge that the glass pipe in his pocket contained cocaine residue. Accordingly, the evidence is sufficient to sustain the conviction.
This assignment of error is without merit.

D. Illegally Lenient Sentence Under State v. Dorthey, Supra
The State argues the trial court abused its discretion in sentencing Mr. Taylor, under State v. Dorthey, to eight years at hard labor as a fourth offender. In State v. Morgan, 96-0354 (La.App. 4 Cir. 4/17/96), 673 So.2d 256, this Court considered a trial *772 court's authority to impose a sentence below the minimum sentence mandated by the Habitual Offender Law and the degree of specificity required of the trial court when imposing such a sentence, as follows:
Jurisprudence on this issue, culminating in State v. Dorthey, 623 So.2d 1276 (La. 1993), held that sentencing, and the review of sentences, is within the exclusive authority of the judicial branch: "[T]he 1974 Louisiana Constitution, Article 1, Section 20 `gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel or unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court's control over the entire sentencing process.'" State v. Sepulvado, 367 So.2d 762, 766 (La.1979) as quoted in Dorthey, 623 So.2d at 1280.
In Dorthey, the court considered a claim that the provisions of the Habitual Offender Statute violated the separation of powers clause of the 1974 Louisiana Constitution. The Court recognized sentence review as an established function of the judicial branch, citing State v. Sepulvado, and held that a trial court has an obligation to refuse to impose a statutorily mandated sentence if it finds such sentence is unconstitutionally excessive as applied to a particular defendant.
If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.

Dorthey, 623 So.2d at 1280-1281.
Morgan, 96-0354, p. 1-2, 673 So.2d at 257-258.
In order to uphold a sentence less than that required by the Habitual Offender Law under the authority of Dorthey, it is insufficient for the trial court merely to reiterate the language of Dorthey with conclusory statements. "However, where the trial court provides adequate support for its decision to impose a sentence under Dorthey, and the record reflects that the sentence was imposed after careful consideration of the particular defendant and the facts of the case, this court will not reverse the sentence imposed by the trial court unless it finds that the trial court abused its broad discretion." Morgan, 96-0354, p. 7, 673 So.2d at 260.
Following Mr. Taylor's adjudication as a fourth offender, the following transpired:
THE COURT:
The Court, having found the defendant, Edgar Taylor, to be a fourth felony offender, the question now becomes whether this Court should impose the mandatory minimum sentence of 20 years at hard labor.
The Court notes for the record that Edgar Taylor does have three prior felony convictionsfour prior felony convictions including the one the jury just found him guilty of. Those convictions consist of this most recent one, an attempted possession of cocaine, a theft conviction of between 100 and 500 dollars, a possession of cocaine, and a simple escape, in which I understand he fled from the municipal court.
The Court feels that to impose a sentence of 20 years at hard labor would be excessive under 15:529.1.
The Court is also aware of the fact that this particular sentence that the defendant will be asked to serve shall be without benefits of probation, parole, or suspension of sentence. Also, the defendant is not entitled to receive any good time for this. I would find that a 20 year sentence would be excessive. I would also find that it would make no measurable contribution to the acceptable goals of punishment and furthermore, that the sentence would amount to nothing more than a purposeful imposition of pain and suffering which is grossly out of proportion to the severity of the crime for which he committed.
I also find that the statutorily mandated minimum sentence would be constitutionally *773 excessive under the facts of this particular case.
Taking into account, again, his background, his criminal historyhow old are you?
THE DEFENDANT:
Twenty-four.
. . . . .
THE COURT:
I take into account your age. I also take into account that in the facts of this particular case, the officer did believe that he interrupted what wasbased on the testimony of the officer, he believed that he interrupted what was some sort of an arrangement or a sale between you and someone else, albeit the jury did not find you guilty of that but rather, found you guilty of attempted possession.
. . . . .
I do recall that what was found was residue in a pipe and that the rock was, in fact, tested negative for a controlled and dangerous substance.
The court then sentenced Mr. Taylor to eight years at hard labor under the provisions of State v. Dorthey, and State v. Sepulvado.
The record thus indicates the trial court considered the particular facts of the case, the defendant's age, his criminal history, and further considering that none of Mr. Taylor's offenses were violent, we cannot say the trial court abused its great discretion in sentencing Mr. Taylor to eight years at hard labor, below the statutory minimum for a fourth offender.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.