750 So.2d 336 (1999)
STATE of Louisiana
v.
Brian M. RECASNER.
No. 98-KA-2518.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 1999.
Harry F. Connick, District Attorney, Holli Herrle-Castillo, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Edward K. Bauman, Louisiana Appellate Project, Lake Charles, Louisiana, Counsel for Defendant/Appellant.
(Court composed of Chief Judge ROBERT J. KLEES, Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY).
KIRBY, Judge.
The defendant, Brian Recasner, was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967. A jury found the defendant guilty of attempted possession of cocaine. La. R.S. 14:27; 40:967. The defendant was sentenced to thirty months at hard labor, suspended, and placed on five years active probation. He filed a motion for post verdict judgment of acquittal and a motion for reconsideration of sentence, which were denied. He now appeals.

FACTS:
Officer William Ceravolo testified that on January 1, 1998, at around 10:00 p.m., *337 he was conducting a surveillance of 3212 Palmyra Street. A search warrant had already been prepared. He saw the defendant walk past him and approach the person who was the object of the surveillance. The two spoke, and Ceravolo observed what appeared to be a hand to hand transaction. The defendant walked toward Canal Street, and Ceravolo alerted other officers in the area. The defendant was arrested two and one half blocks later, and no drugs were found in his possession. The officer opined that the defendant had either smoked the cocaine or thrown it away. He saw the defendant do neither. The search warrant was later executed at 3212 Palmyra Street, and crack cocaine was found in the residence.
Teresia Lamb, a criminalist, said that she tested a white metal tube containing residue, and that the residue tested positive for cocaine.
Officer Melvin Hunter said that he stopped the defendant. He conducted a pat-down search, and felt a circular object "which [he] had reason to believe was a crack pipe." He arrested the defendant. A search incidental to arrest produced a "small metal tube with black tape wrapped around one end which is consistent with the use of a crack pipe." Hunter said he did not see the defendant throw down any crack, but that he did not have sight of him from the time he left the house until he was arrested. He said that not much time had passed from when he got the call until he saw the defendant, who was at that time a half of a block away. Hunter was in a marked vehicle. On cross-examination, he said that he did not look for any discarded drugs, and that the pipe was not hot.

ASSIGNMENT OF ERROR ONE:
The defendant argues the evidence was not sufficient to support the conviction.
In State v. Taylor, 96-1843 (La.App. 4th Cir. 10/29/97), 701 So.2d 766, writ denied 98-2233 (La.1/8/99), 734 So.2d 1224, an officer observed what appeared to be a drug transaction between two people. The person other than the defendant noticed the officer and fled. The defendant however did not notice the officer and started walking toward him. He stopped in front of a limousine, and he had his hand in one of his pockets. The officer approached and asked the defendant to remove his hand from his pocket. The defendant refused. A struggle ensued. Eventually, the defendant was apprehended. A search revealed a rock like substance which tested negative for cocaine, and a glass pipe which tested positive for cocaine residue. The defendant was convicted of attempted possession of cocaine, and this court found the evidence sufficient, stating:
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988).
To support a conviction for possession of a controlled dangerous substance, the State must prove that the defendant was in possession of the illegal drug and that he knowingly or intentionally possessed the drug. La. R.S. 40:967; State v. Chambers, 563 So.2d 579 (La.App. 4 Cir. 1990). Guilty knowledge is an essential element of the crime of possession of a controlled dangerous substance. [96-1843 La.App. 4 Cir.7] State v. Goiner, 410 So.2d 1085 (La.1982). Although a conviction for possession of a controlled dangerous substance can stand on the possession of the slightest amount of the *338 drug, the amount of the substance will have some bearing on the defendant's guilty knowledge. State v. Spates, 588 So.2d 398 (La.App. 2 Cir.1991).
Flight is a circumstance from which guilt can be inferred. State v. Gaines, 96-1850 (La.App. 4 Cir. 1/29/97), 688 So.2d 679 [writ denied, 97-0510 (La. App.9/5/97), 700 So.2d 503]; State v. White, 535 So.2d 929 (La.App. 2 Cir. 1988), writ denied, 537 So.2d 1161 (La. 1989).
In this case, Mr. Taylor attempted to flee when stopped by the officer. He testified the officers picked up the evidence from the ground. He did not claim that the pipe was his, but he testified that he did not know that it contained any residue. Under these circumstances, the court may infer that Mr. Taylor had guilty knowledge that the glass pipe in his pocket contained cocaine residue. Accordingly, the evidence is sufficient to sustain the conviction.
Taylor, 701 So.2d at 771.
In this case, there was no evidence that the defendant attempted to flee when the officers approached. However, the jury heard evidence that the tube found on the defendant was commonly used to smoke crack cocaine. (See State v. Spates, 588 So.2d 398 (La.App. 2nd Cir.1991) where the court held that the peculiar nature of the pipe, commonly known as a "straight shooter" and used exclusively for smoking crack cocaine, was indicative of guilty knowledge that the pipe contained cocaine residue.[1]) We find that the evidence in this case was sufficient to support the crime of attempted possession of cocaine.
In addition, the evidence in this case was sufficient under an alternate theory of the case. La. R.S. 14:27 provides: "Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended." In this case, the jury heard testimony that the defendant approached a person who was under suspicion for drug activity, spoke to the person, exchanged objects with the person, and immediately walked away. A search warrant, which already existed for the house, was executed, and crack cocaine was found. Thus, the jury could have determined that when the defendant, who was carrying paraphernalia used for smoking crack cocaine, approached a subject being watched for narcotics trafficking, and conducted an apparent drug transaction, he intended to possess cocaine, and did an act directly toward the accomplishment of his object.
This assignment is without merit.

ASSIGNMENT OF ERROR TWO:
The defendant argues his sentence was excessive.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment." A sentence within statutory limits is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868 (La.App. 4th Cir. 1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed *339 is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985).
In this case, the trial court stated, "the Court ordered a pre-sentence investigation into his background. The probation department indicates to me he is a first felony offender. They recommend that he be given a suspended sentence and be placed on probation with certain special conditions." The defendant complains that the trial court did not state other mitigating factors. However, it is clear from the record that the court reviewed a pre-sentence investigation report, ordered by the court, and thus was aware of all factors both aggravating and mitigating. The defendant in fact received no jail time, but was merely put on probation. The sentence is not excessive.
This assignment is without merit.
For the reasons stated above, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] In Spates, the paraphernalia was a small piece of radio antenna with a piece of scrub pad attached to the end. The court found the pipe sufficient evidence to support the crime of possession of cocaine.