DANIEL L. DYSART, Judge.
hln this appeal, the State seeks review of the trial court’s ruling which sentenced the defendant, Wendell Thomas, II, as a multiple offender, to serve a shorter term than that mandated by La. R.S. 15:529.1. For the reasons that follow, we vacate the defendant’s sentence and remand this matter to the trial court for further proceedings.
PROCEDURAL BACKGROUND
On March 19, 2012, the defendant was convicted by an Orleans Parish jury of possession of heroin in violation of La. R.S. 40:966(C)(1), after which he was sentenced to serve five years at hard labor. Defendant’s conviction and sentence were affirmed by this Court on June 19, 2013.[1]
In the interim, on November 29, 2012, the State filed a bill of information charging the defendant as a multiple offender under La. R.S. 15:529.1. The trial court conducted a multiple offender hearing on January 18, 2013 at which time the trial court found the defendant to be a quadruple offender.[2] Counsel for the ^defendant requested that the trial court impose a *155 sentence less than that mandated by La. R.S. 15:529.1 on the basis that the minimum sentence of twenty years would be “unconstitutionally excessive,” considering that the defendant’s conviction was based on his possession of “one foil of heroin” and because his prior criminal record included no crimes of violence. The trial court, citing the case of State v. Taylor, 96-1843 (La.App. 4 Cir. 10/29/97), 701 So.2d 766, concluded that the mandatory minimum sentence of twenty years “would be disproportionate to justice and fair play in this case” and concluded that a twenty year sentence “would be unconstitutionally excessive.” At the conclusion of the multiple bill hearing, the trial court vacated its prior five year sentence and resentenced the defendant to thirteen years at hard labor without the benefit of parole, probation, or suspension of sentence.
The State timely filed the instant appeal.
DISCUSSION
At the outset, we note one error patent on review of the record; namely, the trial court erred in placing the restriction on the defendant’s sentence that it be without the benefit of parole.[3] However, as discussed more fully below, because we find that the trial court erred otherwise in sentencing the defendant, and we vacate that sentence, we need not fully address this error patent.
| sIn its sole assignment of error, the State maintains that the trial court improperly sentenced the defendant to a term shorter than that mandated by the habitual offender statute, La. R.S. 15:529.1. While the constitutionality of this statute has been repeatedly upheld,[4] our jurisprudence has developed a body of case law indicating that a defendant’s sentence may still be unconstitutional even though it falls within the statutory limits of La. R.S. 15:529.1. This is in keeping with the Louisiana constitutional prohibition against the imposition of excessive punishments.[5]
In the seminal case of State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993), the Louisiana Supreme Court set forth the standard for determining whether a sentence is unconstitutional:
If ... [a] trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no “measurable contribution to acceptable goals of punishment” or that the sentence amounted to nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime”, he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.
Thereafter, and expressly to “curtail the district court’s use of Dorthey in cases in which it appeared that the courts were simply substituting their judgment of what constituted an appropriate penalty for that of the Legislature,”[6] the Louisiana Supreme Court explained that a court “ ‘may only depart from the |4minimum sentence *156 if it finds that there is clear and convincing evidence in the particular case before it which would rebut [the] presumption of constitutionality’ and emphasized that ‘departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.’ ” Lindsey, 99-3802, 99-3256 p. 5, 770 So.2d at 343, quoting State v. Johnson, 97-1906, (La.3/4/98), 709 So.2d 672, 676-77.
The defendant bears the burden of rebutting the presumption that a mandatory minimum sentence is constitutional. State v. Bentley, 02-1564, p. 11 (La.App. 4 Cir. 3/12/03), 844 So.2d 149, 156. “To do so, a defendant must show by clear and convincing evidence that he is exceptional, which, in this context, means that, because of unusual circumstances, this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case.” Id. (bold emphasis in original), citing Johnson, 97-1906, p. 8, 709 So.2d at 676-677. If a sentencing judge deviates downward from the statutorily-imposed mandatory minimum sentence, he or she must articulate specific reasons why such a sentence is the longest sentence which is not constitutionally excessive. See Johnson, 97-1906, 709 So.2d at 677.
We note that a trial court is vested with broad discretion in sentencing, given its unique best position to assess the aggravating and mitigating circumstances of a case. State v. Wilson, 01-2815, p. 3 (La.11/22/02), 836 So.2d 2, 4. In our review of a sentence, “the only relevant question is ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” State v. Williams, 05-0176, p. 7 (La.App. 4 Cir. 5/3/06), 932 So.2d 693, 698. “In reviewing a claim that a sentence is excessive, an appellate court |figenerally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P.. art. 894.1, and whether the sentence is warranted under the facts established by the record.” State v. Mills, 12-0851, p. 15 (La.App. 4 Cir. 7/3/13), 120 So.3d 802, 811, citing State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189.[7] We have held that “where the trial court provides adequate support for its decision to impose a sentence under Dorthey, and the record reflects that the sentence was imposed after careful consideration of the particular defendant and the facts of the case,” the sentence will not be reversed' absent a finding of abuse of the trial court’s broad discretion. Taylor, 96-1843, 701 So.2d at 772, citing State v. Morgan, 96-0354 (La.App. 4 Cir. 4/17/96), 673 So.2d 256, 260.
In the instant matter, the trial court expressly indicated that its sentencing decision was largely based on this case’s factual similarities with Taylor, 96-1843, 701 So.2d 766, which involved a 30 month sentence given to a twenty-four year old man convicted of attempted possession of cocaine. After the state filed a multiple bill of information charging him as a fourth felony offender, Taylor was re-sentenced to serve eight years — significantly less than the mandatory minimum twenty year sentence imposed by La. R.S. 15:529.1. The Taylor court, affirmed the Taylor’s sentence, focusing on the trial court’s articulation of numerous factors warranting a lesser sentence. Those included the defendant’s age (24 years), the fact that the jury convicted the defendant of a lesser offense,[8] his background and the nature of *157 his prior convictions (all of which were for non-violent crimes — jattempted6 possession of cocaine, theft conviction of between $100 and $500, possession of cocaine, and simple escape).
In this matter, at the multiple bill hearing, the trial court found Mr. Thomas to be a quadruple offender.[9] The trial court heard argument from defendant’s counsel regarding the defendant’s prior mental health issues, although no doctors were called to testify on his behalf, nor medical records submitted. The trial court then found that the defendant’s sentence, like that in Taylor; would be “without the benefit of probation, parole or suspension of sentence.” Noting that the defendant’s prior convictions were for non-violent offenses, like those in Taylor, and that the number of offenses outnumbered those in Taylor, the trial court simply stated that “a sentence of 20 years would be disproportionate to justice and fair play.” Without any further analysis, the trial court concluded that “a 20-year sentence would be unconstitutionally excessive.”
A finding that a mandatory minimum sentence is constitutionally excessive requires more than the mere utterance of the phrases contained in Dorthey, namely, that the sentence “makes no measurable contribution to acceptable goals of punishment,” is nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime.”[10] It further indicates:
A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of 17constitutionality. While the classification of a defendant’s instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders ... Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant’s record of non-violent offenses may play a role in a sentencing judge’s determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.
Johnson, 97-1906, 709 So.2d at 676.
After reviewing the record, we find that the trial court did not properly articulate why a sentence of thirteen years (less than the twenty year statutory mandatory minimum required by La. R.S. 15:529.1) was the longest sentence which was not constitutionally excessive in this particular matter. Thus, the trial court’s ultimate conclusion that a sentence of twenty years would be “unconstitutionally excessive” is not sufficient to warrant a deviation below the mandatory minimum sentence. However, under the guidance of the Supreme *158 Court decision of State v. Gordon, 96-0427 (La.5/10/96), 672 So.2d 669 (per curiam), when a trial court has not “made a sufficient showing on the record ... that imposition of the statutorily mandated minimum sentence would be constitutionally excessive,” we vacate the sentence and remand the matter to the trial court “to justify its deviation from the statutorily-mandated minimum sentence.” See also, State v. Bastian, 96-2453 (La.12/13/96), 683 So.2d 1220 (per curiam).
^Accordingly, the defendant’s sentence is vacated, and the case is remanded to the trial court to justify its deviation from the statutorily-mandated minimum sentence under La. R.S. 15:529.1 and to render the maximum sentence that is not constitutionally excessive.
SENTENCE VACATED; REMANDED.

. State v. ThomasI unpub., 12-1319 (La.App. 4 Cir. 6/19/13).

. Pursuant to La.C.Cr.Pr. art. 916(8), the trial court retained jurisdiction to "[sjentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.” See also State v. Hooks, 514 So.2d 597, 599 (La.App. 4th Cir. 1987); State v. Lewis, 08-437, p. 6 (La.App. 5 Cir. 11/12/08), 1 So.3d 535, 538.

. La. R.S. 15:529.1(G) provides that a "sentence imposed under this Section shall be at hard labor without benefit of probation or suspension of sentence.” It does not mandate that the sentence also be served without the benefit of parole.

. See, e.g., State v. Dorthey, 623 So.2d 1276, 1279 (La.1993), (“R.S. 15:529.1 has passed constitutional muster since its enactment despite a variety of attacks.”)

. See La. Const. Art. I § 20 ("No law shall subject any person to ... excessive, or unusual punishment.”); State v. Landry, 03-1671, p. 7 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239.

. State v. Lindsey, 99-3302, 99-3256, p. 4 (La.10/17/00), 770 So.2d 339, 342-43.

. La.C.Cr.P. art. 894.1 sets forth general sentencing guidelines.

. Defendant was convicted of attempted possession of cocaine, rather than possession of *157 cocaine, as charged. The residue for which the defendant was convicted of attempted possession ultimately tested negative for a controlled and dangerous substance. Id., 96-1843, 701 So.2d at 773.

. At the hearing, counsel for defendant argued that the trial court should not consider defendant’s convictions which were "enhanced” misdemeanors to support a finding that he was a fourth felony offender. The trial court rejected this argument; the defendant has not appealed his conviction as a fourth offender.

. See Dorthey, 623 So.2d at 1280-81 (internal citations omitted).