STATE of Louisiana

v.

Wendell THOMAS II

NO. 2016–KA–0429

Court of Appeal of Louisiana, Fourth Circuit.

NOVEMBER 16, 2016

Leon A. Cannizzaro, Jr., District Attorney, Donna R. Andrieu, Chief of Appeals, Donald G. Cassels, III, Assistant District Attorney, PARISH OF ORLEANS, 619 South White Street, New Orleans, LA 70119, COUNSEL FOR APPELLEE/STATE OF LOUISIANA

Holli Herrle–Castillo, LOUISIANA APPELLATE PROJECT, P. O. Box 2333, Marrero, LA 70073–2333, COUNSEL FOR DEFENDANT/APPELLANT

(Court composed of Judge Paul A. Bonin, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

### JUDGE SANDRA CABRINA JENKINS

Wendell Thomas appeals his sentence as a fourth felony offender. For the following reasons, we vacate Mr. Thomas's adjudication and sentence under the multiple offender bill, re-impose the original sentence, and remand the case to the trial court for a new hearing on the multiple bill.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2012, the appellant, Wendell Thomas, was convicted by an Orleans Parish jury of possession of heroin in violation of La. R.S. 40:966(C)(1), after which he was sentenced to serve five years at hard labor. This Court affirmed Mr. Thomas's conviction and sentence on June 19, 2013. *State v. Thomas*, 2012–1319 (La. App. 4 Cir. 6/19/13) (unpub.).

In the interim, on November 29, 2012, the State filed a multiple bill of information charging Mr. Thomas as a multiple offender pursuant to La. R.S. 15:529.1. The trial court conducted a multiple offender hearing on January 18, 2013, at which time the trial court adjudicated Mr. Thomas to be a quadruple offender. Counsel for Mr. Thomas requested that the trial court impose a sentence less than that mandated by La. R.S. 15:529.1 on the basis that the minimum sentence of twenty years would be unconstitutionally excessive, considering that Mr. Thomas's conviction was based on his possession of "one foil of heroin" and because his prior criminal record included no crimes of violence.

The trial court concluded that the mandatory minimum sentence of twenty years "would be disproportionate to justice and fair play in this case" and that a twenty-year sentence "would be unconstitutionally excessive." [1] At the conclusion of the multiple bill hearing, the trial court vacated its prior five-year sentence and resentenced Mr. Thomas to thirteen years at hard labor without the benefit of parole, probation or suspension of sentence. The State appealed the sentence.

On February 12, 2014, this Court found that the trial court failed to properly articulate why a thirteen-year sentence was the longest sentence which was not constitutionally excessive in this particular case. *See State v. Thomas*, 2013–0764, p. 7 (La. App. 4 Cir. 2/12/14), 136 So.3d 153, 157. As a result, the Court vacated the sentence and remanded the case to the trial court to "justify its deviation from the statutorily-mandated minimum sentence under La. R.S. 15:529.1 and to render the maximum sentence that is not constitutionally excessive." *Id.* at p. 8, 136 So.3d at 157–58.

On remand, the State and the defense reached an agreement that the trial court would re-impose the thirteen-year sentence against Mr. Thomas as a fourth felony offender, and the State would not seek

---

1. The trial court relied on *State v. Taylor*, 1996–1843 (La. App. 4th Cir. 10/29/97), 701 So.2d 766.

an appeal of the resentencing. Nevertheless, prior to resentencing, the trial court permitted Kimberly Thomas, a social worker and a licensed clinician at the Orleans Public Defender's Office, to testify, and accepted affidavits of Mr. Thomas's family members into evidence. Ms. Thomas testified that she had interviewed Mr. Thomas and multiple other individuals, including Mr. Thomas's family members, over the past several ⌊₃months. She described Mr. Thomas's childhood and upbringing, which included physical abuse that Mr. Thomas, his siblings, and his mother suffered at the hands of his stepfather. Mr. Thomas also witnessed the death of his two-month old sister. Ms. Thomas stated that Mr. Thomas was suicidal and had difficulties in school due to these traumas. She opined that the mental anguish Mr. Thomas experienced from his abuse and witnessing the abuse of his family members and the death of his sister spurred his drug addiction. The affidavits of Mr. Thomas's family members also discussed Mr. Thomas's background, character, and history of drug abuse.

The trial court then re-imposed the thirteen-year sentence. It stated, in pertinent part:

> The Court recalls this case. The Court recalls the arguments previously made in excess of a year ago relative to the fact that there were no crimes of violence in Mr. Thomas' record. And that was in large part what this Court relied upon to articulate the reasons as to why this Court sentenced Mr. Thomas to under [sic] 20 years. The Court was not

aware at that time about the additional evidence heard today relative to his upbringing and the childhood trauma he faced. Considering all the above, you can stand up Mr. Thomas, considering all the above, the Court sentences Mr. Thomas to 13 years in the Department of Corrections with credit for time served as a quadruple offender. The Court's going to highly recommended that Mr. Thomas be allowed to spend the rest of his incarceration in the Hunt Correction facility where various programs are available to him, including programs regarding drug addiction.

On October 9, 2014, Mr. Thomas filed a *pro se* motion to appeal the adjudication as a multiple offender. The trial court denied the motion, finding Mr. Thomas "entered a plea of guilty regarding his multiple offender status" and "waived his right to take an appeal in order to receive the bargained for sentence."

⌊₄On August 25, 2015, Mr. Thomas filed a *pro se* writ application with this Court contesting his adjudication as a multiple offender and his resentencing on September 3, 2014 to thirteen years at hard labor as a fourth felony offender.

On September 2, 2015, this Court granted the writ in part, finding that Mr. Thomas did not plead guilty to the multiple offender bill nor waive his right to appeal, and ordered the trial court to grant an out-of-time appeal as to the multiple offender adjudication. *See State v. Thomas*, 2015–0906 (La. App. 4th Cir. 9/2/15) (unpub.).[2]

---

2. The Court stated:

WRIT GRANTED IN PART

Contrary to the finding of the district court in its judgment dated October 9, 2014 denying relator's motion to appeal his adjudication as a fourth felony offender, Relator did not enter a guilty plea to the multiple bill.

Rather he was adjudicated a fourth felony offender on January 18, 2013. This court has reviewed the transcript of his resentencing on September 3, 2014 and finds that Relator waived only his right to seek a supervisory writ from this Court's ruling affirming his conviction in *State v. Thomas*, unpub., 2012–1319 (La. App. 4 Cir.

The trial court granted Mr. Thomas an out-of-time appeal on December 14, 2015.

The record was lodged with this Court on April 26, 2016. The Court issued notice of lodging and set May 23, 2016, as the appellant's brief deadline and June 10, 2016, as the appellee's brief deadline.

On May 23, 2016, Mr. Thomas filed a motion to supplement the record with a full transcript of the multiple offender proceedings and exhibits introduced at the hearing and a motion to suspend the briefing schedule. On May 27, 2016, this Court ordered the District Attorney take all steps necessary to have the exhibits filed in the clerk's office within twenty days of the order and ordered the appellant's brief be filed within twenty day from the filing of the supplementary materials. The Court also ordered that the court reporter prepare and file the transcript in the Office of the Judicial Administrator within thirty days of the issuance of the order.

On June 15, 2016, the State filed a motion for extension of time to comply with this Court's order as the requested exhibits were not in the custody of the Property and Evidence Clerk or in the record of the Criminal District Court. On June 20, 2016, this Court granted the State an extension until July 15, 2016.

The State filed a notice of compliance on July 15, 2016, which advised the Court that it conferred with the Property and Evidence Clerk, and Docket Clerk of Section "L"; reviewed the file of the Orleans Parish District Attorney; and personally inspected the record and the evidence in the custody of the Property and Evidence Clerk, but that the requested exhibits could not be located.

## DISCUSSION

As his sole assignment of error, Mr. Thomas contends that his multiple offender adjudication should be set aside.

In the multiple bill of information filed against Mr. Thomas, the State averred that, in addition to having been convicted of possession of heroin in the instant case, he had three prior convictions: a 2002 guilty plea to forgery in Jefferson Parish; a 2007 guilty plea to possession of heroin in Orleans Parish; and a 2010 guilty plea for theft, third offense, from Texas.[3] At the multiple bill hearing, Officer Jay Jacquet, an expert in fingerprint analysis, identified several exhibits offered by the State. The exhibits included a fingerprint card containing Mr. Thomas's fingerprints taken the day of the hearing, January 18, 2013; a fingerprint card from the date of Mr. Thomas's arrest on December 9, 2008; a certified copy of the arrest register from September, 12, 2000; a certified package of documents from Mr. Thomas's 2007 conviction for possession of heroin; a certified package of documents relating to Mr. Thomas's 2010 theft conviction in Texas;

---

6/19/13), and this Court's ruling in State v. Thomas, 2013–0764 (La.App. 4 Cir. 2/12/14), 136 So.3d 153, remanding the matter for resentencing.

Since Relator did not waive his right to have his adjudication as a fourth felony offender reviewed on appeal, and no such review has ever been made by this Court, the district court's October 9, 2014 judgment is hereby vacated. The district court is ordered to grant relator an out-of-time appeal of his adjudication as a multiple offender, appoint counsel, and file a notice of appeal in this Court within thirty (30) days of this order. Relator may raise his claims attacking his adjudication as a fourth felony offender on appeal.

3. The multiple bill states that the forgery and possession of heroin convictions occurred in Orleans Parish. However, at the multiple offender hearing, Officer Jay Jacquet, an expert in fingerprint analysis, identified the certified package of Mr. Thomas's forgery conviction as from 24th Judicial District Court, Jefferson Parish.

and a certified package from the 24th Judicial District Court from Mr. Thomas's 2002 forgery conviction. The exhibits are also identified in the minute entry, dated January 18, 2013. Officer Jacquet compared the fingerprints contained in the certified package of documents from Mr. Thomas's prior convictions and the arrest register and matched them to fingerprints taken of Mr. Thomas the day of the hearing. Officer Jacquet thus found that the fingerprints came from the same person.

As noted by Mr. Thomas, the record on appeal does not contain the exhibits offered into evidence at the multiple bill hearing. Moreover, the State's notice of compliance provided that the missing exhibits were not contained in the District Attorney's file or in the "custody of the District Court or its Property and Evidence Clerk." The State also concedes in its brief that the evidence supporting Mr. Thomas's fourth felony offender adjudication is absent from the record.

■ Mr. Thomas argues that the multiple offender adjudication should be vacated because the exhibits presented by the State and utilized by the trial court to adjudicate him as a fourth felony offender cannot be located, which deprives him of his constitutional right to appellate review.

**Constitutional Right**

This Court in *State v. Small*, 2013–1334 (La.App. 4 Cir. 8/27/14), 147 So.3d 1274, *writ denied*, 169 So.3d 354 (La. 4/24/15), set forth the law applicable to a defendant's right to appellate review:

> In order to assure that appeals are properly and thoroughly considered, the Louisiana Constitution provides a complementary constitutional right which guarantees "judicial review based upon a complete record of all evidence upon which the judgment is based." [citation omitted]. The scope of what constitutes a "complete record" under Article I, Section 19 encompasses "all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel," La. C.Cr.P. art. 843, as well as "exact copies of all documentary evidence and other evidence ... in the order in which such evidence was filed." Uniform Rules, Courts of Appeal, Rule 2–1.7.

*Small*, 2013–1334 at p. 17, 147 So.3d at 1285.

There are two justifications that form the foundation for the need for complete and comprehensive records. First, it is essential in an adversarial legal system, particularly when appellate counsel was not representing the client at trial, that a dependable record be provided so that errors by the trial court may be reviewed, assigned, and supported by appellate counsel. *See Hardy v. United States*, 375 U.S. 277, 280 n.3, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); *State v. Robinson*, 387 So.2d 1143, 1144 (La. 1980). Second, a complete record ensures that the appellate court may review the transcripts for any errors committed during trial. *See id. See also State v. Walker*, 2002–1350, p. 12 (La.App. 4 Cir. 4/9/03), 844 So.2d 1060, 1067. These two foundations align with the scope of our appellate review as set forth in La. C.Cr.P. art. 920, which restricts our consideration of errors on appeal to those "designated in the assignment of errors," and those "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." *Small*, 2013–1334 at pp. 17–18, 147 So.3d at 1285–86.

Mr. Thomas cites *Walker* to support his contention that his multiple offender adju-

dication should be set aside. In *Walker*, the defendant was convicted on two counts of first degree robbery and one count of attempted first degree robbery. On appeal, the defendant argued, among other things, that his right to appellate review had been compromised because the security camera footage and the photo-lineup pictures, from which witnesses to one of the robberies and the attempted robbery had identified the defendant as the perpetrator, were presented at trial but missing from the record on appeal. The *Walker* Court found that the defendant was clearly prejudiced by not having the missing evidentiary exhibits that were introduced at trial, finding that these exhibits were "critical evidence" considered by the jury in finding the defendant guilty of robbery and attempted robbery. The Court also noted that appellate counsel was different from trial counsel and was unable to review the physical evidence upon which his client was convicted. *Walker*, 2002–1350 at p. 12, 844 So.2d at 1067. As a result, the *Walker* Court reversed the defendant's convictions for both charges.[4]

■■■ Although *Walker* involved a jury trial and the present case concerns a multiple offender proceeding, similar to *Walker*, the missing exhibits were essential to the trial court's finding that the defendant was a fourth felony offender. |₉"To obtain a multiple offender conviction, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony." *State v. Hall*, 2014–1046, p. 3 (La.App. 4 Cir. 5/13/15), 172 So.3d 61, 64 (citing *State v. Payton*, 2000–2899, p. 6 (La. 3/15/02), 810 So.2d 1127, 1130; *State v. Neville*, 1996–0137, p. 7 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, 538–39). "Various methods are available to prove that the defendant is the same person convicted of the prior felony offense: testimony from witnesses, expert opinion regarding the fingerprints of the defendant when compared with those in the prior record, or photographs in the duly authenticated record."[5] *Id.* at pp. 3–4, 172 So.3d at 64 (internal citations omitted). As discussed above, Officer Jacquet's testimony established that Mr.

---

**4.** *See also State v. Pierce*, 2011–0095, pp. 13–14 (La.App. 4 Cir. 8/31/11), 89 So.3d 1, 11–12, *on reh'g* (3/28/12) (finding that defendant was denied the right to meaningful review of his multiple offender adjudication and sentence when the exhibits introduced at the hearing were absent from the record thereby requiring a vacation of the adjudication and his sentence).

**5.** The *Hall* Court further stated:

Our Supreme Court adopted a scheme for burdens of proof in habitual offender proceedings in *State v. Shelton*, 621 So.2d 769 (La.1993) that has been summarized as follows:

If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to

produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a "perfect" transcript of the *Boykin* colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary.

*State v. Francois*, 02–2056, p. 6 (La.App. 4 Cir. 9/14/04), 884 So.2d 658, 663 (citing *Shelton*, 621 So.2d at 779–780 and quoting *State v. Winfrey*, 97–427, p. 30 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, 80).

*Hall*, 2014–1046 at p. 4, 172 So.3d at 64.

656

Thomas was the same person convicted of the prior felonies. However, the exhibits evidencing Mr. Thomas's prior convictions and ₁₀relied upon by Officer Jacquet to establish Mr. Thomas's identity are absent from the record. Officer Jacquet's testimony is the only evidence available for this Court to review. Because the trial court's adjudication is dependent in part on exhibits offered by the State and the exhibits are not available for review, this Court cannot determine if the State met its burden of proof at the multiple bill hearing and Mr. Thomas's right of appellate review is thus prejudiced.

Further, like the defendant in *Walker*, Mr. Thomas's counsel on appeal is different from the one who represented him at trial and counsel cannot review the documents utilized to adjudicate Mr. Thomas as a multiple offender. Therefore, appellate counsel cannot determine if trial counsel was ineffective by failing to object to the evidence introduced at the hearing.[6] The inability of the appellate counsel to review the evidence upon which the adjudication is based substantially affects Mr. Thomas's right to judicial review.

**Prejudice**

The Louisiana Supreme Court in *State ex rel. Melinie v. State*, 1993–1380 (La.

---

6. *See State v. Pernell*, 2013–0180, p.11 (La. App. 4th Cir. 10/2/13), 127 So.3d 18, 27 ("it is essential in an adversarial legal system, particularly when counsel on appeal was not representing the client at trial, that a dependable record be provided so that errors by the trial court may be reviewed, assigned, and supported by appellate counsel").

7. La. C.Cr.P. art. 930.3 provides:

   If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
   (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;
   (2) The court exceeded its jurisdiction;

---

1/12/96), 665 So.2d 1172, construed the provisions of La. C.Cr.P. art. 930.3 [7] ₁₁and determined that they "provide[ ] no basis for review of claims of excessiveness or other sentencing error post-conviction." The Louisiana Supreme Court also found that *Melinie* precludes consideration of any habitual offender adjudication error on collateral review. *State v. Quinn*, 2014–1831 (La. 4/10/15), 163 So.3d 799 (citing *State v. Cotton*, 2009–2397 (La. 10/15/10), 45 So.3d 1030). In *Cotton*, the Louisiana Supreme Court reversed the appellate court's granting of a defendant's writ concerning a claim of ineffective assistance of counsel at a multiple bill hearing, stating:

> **An habitual offender adjudication . . . constitutes sentencing for purposes of *Melinie* and La. C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence. La. C.Cr.P. art. 912(C)(1)(the defendant may appeal from a judgment "which imposes sentence"). A fortiori, respondent's claim that he received ineffective assistance of counsel at his habitual offender adjudication is not cognizable on collateral review so long as the sen-**

(3) The conviction or sentence subjected him to double jeopardy;
(4) The limitations on the institution of prosecution had expired;
(5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or
(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.
(7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

tence imposed by the court falls within the range of the sentencing statutes. *Cf.* La. C.Cr.P. art. 882. [Emphasis added].

*Id.* at p. 2, 45 So.3d at 1030–31.

Thus, because Mr. Thomas may only challenge the habitual offender proceedings on direct appeal, and appellate counsel is unable to review the evidence offered in support thereof to determine whether trial counsel was ineffective at the hearing, the defendant would be deprived of meaningful review of that claim as it is barred on collateral review.

**Incomplete Record**

The State notes in its brief that Mr. Thomas did not file a written response to the multiple bill of information as required by La. R.S. 15:529.1(D)(1)(b), which provides in pertinent part:

Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. **If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information.** A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the

response. **Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.**[8] [Emphasis added].

The State thus argues that because Mr. Thomas did not file a written response to the multiple bill of information and did not make an oral objection at the hearing on the multiple bill, he failed to preserve claims related to his adjudication as a fourth felony offender.[9]

Nevertheless, the record before us is grossly incomplete in several respects and this Court is unable to determine whether Mr. Thomas filed a written response alleging any defect in the predicate conviction pursuant to La. R.S. 15:529.1(D)(1)(b). We also note that the trial court used evidence of Mr. Thomas's previous convictions to adjudicate him as a fourth felony offender, and that evidence is not contained in the record and unavailable for review by this Court or the appellate attorney. It is apparent that any potential claim Mr. Thomas may have regarding ineffective assistance of counsel at the multiple offender proceedings would not be cognizable on post-conviction relief and there is a reasonable likelihood that Mr. Thomas would suffer prejudice from the omission of the evidentiary exhibits.

**DECREE**

For the foregoing reasons, we find that the record is inadequate for this Court to determine the validity of the trial court's multiple offender adjudication or for appellate counsel to ascertain if there is claim for ineffective assistance of trial counsel from the multiple bill proceedings. More-

---

**8.** The 2008 version of the habitual offender statute was in effect at the time Mr. Thomas committed the underlying offense of possession of heroin.

**9.** The State cites *State v. Alford*, 1999–0299 (La.App. 4 Cir. 6/14/00), 765 So.2d 1120, to support its position.

over, any claim that Mr. Thomas may have that he received ineffective assistance of counsel at the multiple offender hearing is barred on collateral review. As such, the omission of the evidence of Mr. Thomas's prior convictions is material and prejudices Mr. Thomas's constitutional right to appellate review. Accordingly, Mr. Thomas's sentence as a multiple offender is vacated and the original sentence re-imposed. The case is remanded for further proceedings, including a new hearing on the multiple bill of information, if the State chooses to re-file.

**SENTENCE VACATED; REMANDED.**